Max **WEBB**, Individually, and Kathleen Webb d/b/a Texas Automatic & Standard Transmission, Appellants,

v.

Brian Keith **RAY**, Appellee.

No. 14–95–00839–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 10, 1997.

Bernard E. Brooks, Houston, for appellants.

Ralph Shepard, Staci L. Reeves, Tomball, for appellee.

Before YATES, HUDSON, and FOWLER, JJ.

## OPINION

FOWLER, Justice.

This is an appeal from a summary judgment in favor of appellee, Brian Keith Ray. In two points of error, appellants, Max and Kathleen Webb, complain the trial court erred because it did not allow them to withdraw their deemed admissions, granted summary judgment, and overruled their motion for new trial to set aside the summary judgment. Appellants argue the trial court's denial of their motion for new trial violates their due process rights, and is tantamount to imposition of death penalty sanctions. We affirm.

Appellee worked as a mechanic in appellants' auto repair shop, Texas Automatic & Standard Transmission. On September 14, 1993, he resigned, but left his tools and toolbox at the work place. On September 17, 1993, he verbally asked appellants to return his tools. On November 2, 1993, he sent appellants a written demand by certified mail, return receipt requested insisting that they return the remainder of his tools. Attached to his demand letter was an itemized list of tools, valued at $5,000. Appellants did not respond. On December 9, 1993, appellee filed suit against appellants for conversion.

Appellants returned all the tools they claim belonged to appellee on March 3, 1994. On April 25, 1994, appellee properly served appellants with discovery requests and a request for admissions. On May 26, 1994, appellants' attorney asked for a 15-day extension to answer the discovery requests. Appellee agreed to extend the deadline for all discovery *except the request for admissions.* At the bottom of the letter agreement extending the filing deadline appellee's attorney wrote

[t]he time for answering discovery other than Request for Admissions is hereby extended with my client's permission until June 15, 1994. You are advised that you are not granted any extension of time with regard to the Request for Admissions. Please see that the responses to the Request for Admissions are filed timely; otherwise, everything will be deemed admitted.

Appellants filed their answers to the interrogatories and requests for production on June 17, 1994, but did not file their admissions until June 27, 1994.

On January 12, 1995, appellee filed his motion for summary judgment. Appellants filed a motion to strike deemed admissions on January 18, 1995. The trial court set the motion for hearing on January 26, 1995, but appellants did not appear. The trial court issued an order on January 30, 1995, overruling appellants' motion to withdraw deemed admissions, and found appellee presented uncontroverted evidence that he would be prejudiced if appellants were allowed to withdraw their admissions. Noting that appellants failed to appear at the hearing, the trial court found they did not present evidence of good cause that would allow

the trial court to strike their deemed admissions. The trial court also found that "all matters heretofore admitted by Defendants [appellants], through their failure to timely respond to Plaintiff's [appellee's] Request for Admissions, are conclusively established as true and uncontestable [sic] facts."

On February 2, 1995, the trial court held a hearing on appellee's motion for summary judgment, and based on those admissions, found appellants liable for conversion. After a hearing on damages, the trial court awarded appellee $5,800 actual damages for wrongful conversion of his personal property, $21,600 for lost wages, and $10,000 exemplary damages, plus pre- and postjudgment interest. On May 31, 1995, the court signed a summary judgment finding appellants liable for conversion. The trial court overruled appellants' motion for new trial on April 27, 1995.

■ Appellants' first point of error claims the trial court erred by not allowing them to withdraw their deemed admissions, and by granting the summary judgment based on those deemed admissions. A party may withdraw a deemed admission "upon a showing of good cause for such withdrawal ... if the court finds that the parties relying upon the responses ... will not be unduly prejudiced and that the presentation of the merits of the action will be subserved thereby." TEX.R. CIV. P. 169(2). The threshold standard for withdrawal of deemed admissions is "good cause." A party can establish good cause by showing that its failure to answer was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. *Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex.1996). The burden of proof is on the party seeking withdrawal of the deemed admissions to establish good cause. To prevail, they must prove they did not intentionally or consciously disregard their obligation to timely answer. *North River Ins. Co. Of New Jersey v. Greene*, 824 S.W.2d 697, 699–700 (Tex.App.—El Paso 1992, writ denied). Even a slight excuse will suffice, especially where delay or prejudice will not result against the opposing party. *See Gotcher v. Barnett*, 757 S.W.2d 398, 401 (Tex.App.—Houston [14th Dist.] 1988, no writ).

Appellants' motion to strike deemed findings, filed January 18, 1995, states that their answers to the request for admissions were timely drafted and typed, but not served on appellee because of their rush to meet the deadline on plaintiff's other discovery requests. Because they claim they did not intentionally ignore the deadline, appellants argue they have established a "good cause" for failing to timely file their response. They also contend appellee would not have been unduly prejudiced if the trial court struck the deemed admissions. But, appellants offered no evidence of these assertions.

The trial court set the motion to strike deemed admissions for hearing on January 26, 1995. Appellants and their counsel failed to appear. The evidence taken at the hearing proves that on May 26, 1994, appellee's counsel reminded opposing counsel *in writing* that appellants' responses to the request for admissions were due three days from the date of the letter, May 29, 1994. The responses were not filed until June 27, 1994, twenty-nine days after the due date. Appellants' answers to the interrogatories and requests for production were due June 15, 1994, but were not filed until June 17, 1994, two days late.

Appellee presented evidence of his alleged reliance on the deemed admissions, and submitted evidence in an attempt to support his claim that he would be unduly prejudiced if the trial court allowed appellants to withdraw the deemed admissions.

Overruling appellants' motion to withdraw their deemed admissions, the trial court issued an order on January 30, 1995, finding that: 1) appellee presented uncontroverted evidence that he would be prejudiced if appellants were allowed to withdraw their admissions; 2) appellants failed to appear at the hearing on their own motion, and waived the opportunity to prove that good cause existed to allow them to withdraw their admissions; and 3) "all matters heretofore admitted by Defendants [appellants], through their failure to timely respond to Plaintiff's [appellee's] Request for Admissions, are con-

clusively established as true and uncontestable [sic] facts."

A trial court has broad discretion to permit or deny the withdrawal of deemed admissions. *Employers Ins. Of Wausau v. Halton,* 792 S.W.2d 462, 464 (Tex.App.—Dallas 1990, writ denied). An appellate court should set aside the trial court's ruling only if, after reviewing the entire record, it is clear that the trial court abused its discretion. *Stelly,* 927 S.W.2d at 622. An abuse of discretion occurs when a court acts without reference to guiding rules or principles, or acts arbitrarily or unreasonably. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

After reviewing the record, we cannot say the trial court erred in finding appellants intentionally ignored the deadline for filing their response to appellee's request for admissions. As we noted earlier, the threshold issue is whether appellants established good cause by showing that their failure to answer was the result of accident or mistake. *Stelly,* 927 S.W.2d at 622. It was the appellants' burden to establish good cause. *Id.* Appellants did file a motion to strike the deemed admissions stating that they did not intentionally fail to timely file their responses and thereby attempting to show good cause. But, appellants' actions—or lack thereof—belie their claim. First, only three days before the admissions' due date, appellants requested an extension of time to answer the admissions. Appellees' counsel refused, warning appellants that they must timely file their answers to the admissions, or the admissions would be deemed admitted. Appellants did not heed this warning and filed the answers late. Second, when they filed the admissions late, they did not file a motion to withdraw deemed admissions. In fact, appellants did not file a motion to withdraw the deemed admissions until over six months later, in response to appellee's motion for summary judgment based on the deemed admissions. Third, appellants did not even bother to show up for the hearing on *their* motion to strike the deemed admissions. And, if appellants had a good reason for missing this

hearing, they made no attempt to inform the court why they missed it.

In spite of these actions, appellants maintain they met the good cause requirement, citing us to several cases they claim support their appeal. But, the cases appellants rely on are clearly distinguishable. In *Cudd v. Hydrostatic Transmission, Inc.,* the appellant showed good cause by proving that his counsel miscalculated the due date of the admissions. 867 S.W.2d 101, 103–104 (Tex. App.—Corpus Christi 1993, no writ). Although the admissions were sent to Cudd on December 30, his lawyer did not actually receive them until January 8, and, relying on rule 21a, the lawyer calculated the due date as February 7. When counsel learned that the trial court disagreed with his calculation, he made an oral motion to withdraw the deemed admissions. *Id.* Likewise, in *North River Ins. Co.,* the appellant's counsel showed good cause because he actively sought to file answers to the admissions from the moment he realized he had missed the due date. 824 S.W.2d 697, 701. Before the opposing side had filed any motions on the basis of deemed admissions, he contacted opposing counsel, requested an extension and immediately filed the answers. Counsel also filed a written motion for extension of time to answer the admissions after opposing counsel filed objections to the admissions. *Id.*

Appellants' counsel did none of the things counsel in *Cudd* and *North River Ins. Co.* did to show they did not intentionally miss the due date. The actions of the parties and counsel are significant when a court is reviewing the record to determine if good cause has been established. Our Supreme Court has directly stated this in reviewing attempts to set aside default judgments. "In determining whether the failure to appear was due to intentional disregard or conscious indifference we must look to the knowledge and acts of the defendant." *Strackbein v. Prewitt,* 671 S.W.2d 37, 39 (Tex.1984).

In this case, counsel's actions before and after the admissions were filed show a consistent pattern of neglect and indifference. *See e.g., Waste Water, Inc. v. Alpha Finishing and Developing Corp.,* 874 S.W.2d 940, 942 (Tex.App.—Houston [14th Dist.] 1994, no

writ). Appellant simply failed to meet his burden to prove good cause. On this record, we refuse to say that the trial judge abused her discretion in overruling appellants' motion to strike.

Appellants also argue the trial court erred in granting summary judgment. The proper inquiry on appeal is whether appellees, in seeking summary judgment, fulfilled the initial burden 1) to establish as a matter of law that there remained no genuine issue of material fact as to one or more essential elements of the plaintiff's cause of action, or 2) to establish an affirmative defense to the plaintiff's cause of action as a matter of law. *See Casso v. Brand,* 776 S.W.2d 551, 556 (Tex.1989); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

Admissions, once deemed admitted, are judicial admissions and appellant may not then introduce controverting testimony in any legal proceeding related to the instant action. *Shaw v. National County Mut. Fire Ins. Co.,* 723 S.W.2d 236, 238 (Tex.App.—Houston [1st Dist.] 1986, no writ). Deemed admissions may be employed as summary judgment proof. *Elkins v. Jones,* 613 S.W.2d 533, 534 (Tex.Civ.App.—Austin 1981, no writ). In this case, the deemed admissions provide uncontroverted proof of each and every element of appellee's case as a matter of law. *See Overstreet v. Home Indem. Co.,* 669 S.W.2d 825, 827 (Tex.App.—Dallas), *rev'd on other grounds,* 678 S.W.2d 916 (Tex.1984); *American Title Co. v. Smith,* 445 S.W.2d 807, 809 (Tex.Civ.App.—Houston [1st Dist.] 1969, no writ). We overrule appellants' first point of error.

Appellants' second point of error contends the trial court's denial of their motion for new trial violates their due process rights, and is tantamount to the imposition of death penalty sanctions. We disagree. The trial court's refusal to grant a new trial may be set aside only on a showing of an abuse of discretion. *Bank One, Texas, N.A. v. Moody,* 830 S.W.2d 81, 85 (Tex.1992).

■ While appellants argue the trial court's ruling violates their due process rights, the bases of their motion for new trial are that 1) their former attorney failed to keep appellants properly informed of the status of the case, and 2) they have a meritorious defense to the cause of action. Appellants did not submit any proof of these contentions. Even if they had submitted evidence of their trial counsel's errors, it is well settled that the negligence, inadvertence, or mistake of counsel is attributable to his client and does not constitute 'good cause' authorizing a new trial. *See Givens v. Givens,* 616 S.W.2d 450, 451 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ).

Appellants complain the denial of their motion for new trial amounted to death penalty sanctions and denial of their constitutional due process rights, relying on *TransAmerican Natural Gas Corp. v. Powell,* as authority for their contentions. 811 S.W.2d 913 (Tex.1991). Appellants' reliance is misplaced.

> Even if the deeming of requests for admissions could be characterized as a "death penalty" sanction, the *TransAmerican* case does not apply to this set of facts. The supreme court has mandated that trial courts must consider less stringent sanctions before imposing death penalty sanctions. *See TransAmerican,* 811 S.W.2d at 917. There is no less stringent sanction available in this case. Rule 215(4)(a) only provides one sanction—deeming requested admissions.

*State v. Carrillo,* 885 S.W.2d 212, 216 (Tex. App.—San Antonio 1994, no writ).

■ Finally, appellants argue the trial court's denial of their motion to strike deemed admissions amounts to a denial of due process. The only authority appellants offer for this proposition is a federal case in which a taxpayer appealed the trial court's dismissal of his case with prejudice. *Thomas v. United States,* 531 F.2d 746 (5th Cir.1976). Invoking his Fifth Amendment rights Thomas refused to answer the government's interrogatories and, as sanctions, the trial court dismissed his case. We find the *Thomas* case distinguishable. Here appellants' failure to answer did not occur because they were availing themselves of the constitutional right not to incriminate themselves. After reviewing the record and appellants' authority, we find their due process argument un-

persuasive. We find the trial court afforded appellants the opportunity to present evidence, and applied the correct legal standards in overruling their motion to strike deemed admissions and motion for new trial. We overrule appellants' second point of error and affirm the judgment of the trial court.