**Affirmed and Memorandum Opinion filed December 23, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00604-CV

---

## MARY RIGGINS, Appellant

### V.

## RONALD E. HILL, LINDA C. HILL, WEST COLUMBIA PLAZA, LTD., AND LUCKY LINDY DEVELOPMENT, Appellees

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 35931**

## M E M O R A N D U M   O P I N I O N

This appeal involves a challenge to an order in which the trial court enforced a judgment that was final by appeal. At issue is whether the trial court erred in determining that it lacked jurisdiction over post-mandate motions to alter the attorney's fees awarded in the judgment and whether the trial court's enforcement order was proper. We affirm.

# I.   FACTUAL AND PROCEDURAL BACKGROUND

Appellant/plaintiff Mary Riggins filed suit against various parties, including appellees/defendants Ronald E. Hill, Linda C. Hill, West Columbia Plaza, Ltd., and Lucky Lindy Development (hereinafter collectively the "West Columbia Parties"). Riggins asserted various claims against the West Columbia Parties, including that their failure to provide her with reasonable accommodations for her disability caused her to fall and suffer injuries. Riggins and the West Columbia Parties eventually entered into an agreement under Texas Rule of Civil Procedure 11, in which they agreed to settle Riggins's claims and in which the West Columbia Parties agreed to pay $40,000 into the registry of the court. After the parties entered into the Rule 11 agreement, but before the trial court rendered judgment based on it, Riggins informed the West Columbia Parties that she was withdrawing her consent to the settlement agreement. In response, the West Columbia Parties counterclaimed seeking to enforce the settlement agreement.

The trial court granted the West Columbia Parties' summary-judgment motion and rendered judgment enforcing the settlement agreement and awarding the West Columbia Parties attorney's fees (hereinafter the "Judgment"). In the Judgment, the trial court awarded the West Columbia Parties $3,000 as "attorney's fees and expenses for the filing and hearing on [their summary-judgment motion]." The trial court also awarded the West Columbia Parties $4,000 as additional attorney's fees "if [Riggins] should appeal . . . to the Court of Appeals," as well as $3,500 as additional attorney's fees "if [Riggins] should appeal . . . to the Texas Supreme Court."

Riggins appealed the Judgment to this court (hereinafter "First Appeal"). *See Riggins v. Hill*, No. 14-09-00495-CV, 2011 WL 5248347, at *1 (Tex. App.— Houston [14th Dist.] Nov. 3, 2011, pet. denied) (mem. op.). On appeal, this court

2

sustained one of Riggins's issues, modified the Judgment to condition the award of appellate attorney's fees on the West Columbia Parties' success on appeal, and affirmed the Judgment as modified. *See id.* at *12. This court did not reverse any part of the Judgment or remand the case for further proceedings in the trial court. *See id.* Riggins then filed a petition for review in the Supreme Court of Texas. *See id.* at *1. The high court denied review, and this court issued its mandate. *See id.*

Riggins filed a motion in the trial court requesting disbursement of the funds in the registry of the court. In her motion, she requested that the trial court order that only $3,000 of the funds be disbursed to the West Columbia Parties for their attorney's fees. In response, the West Columbia Parties filed a motion in which they requested that $10,500 plus interest be disbursed to them based on the amounts awarded to them under the Judgment.

Riggins then filed a motion to transfer the case to the 239th Judicial District Court. The West Columbia Parties did not oppose this motion, and the case was transferred.[1] The parties engaged in post-judgment discovery, and Riggins filed the following motions: a motion for sanctions against the West Columbia Parties, a motion for determination of attorney's fees and for release of the money in the registry of the court, and a motion for attorney's fees (hereinafter collectively the "Post-Mandate Motions"). Riggins also filed a "counterclaim," in which she purported to assert claims for breach of contract and intentional infliction of emotional distress.

The trial court signed an order enforcing the Judgment and ordering the court clerk to disburse $7,500 to counsel for the West Columbia Parties. In its order, the trial court also found that it did not have jurisdiction over Riggins's Post-Mandate Motions.

---

[1] The propriety of this transfer is not at issue in this appeal.

3

## II.   ANALYSIS

In six appellate issues, Riggins asserts various arguments in support of her contention that the trial court erred in granting the West Columbia Parties attorney's fees and in failing to grant her attorney's fees.  Riggins asserts, among other things, that the trial court erred in awarding the West Columbia Parties attorney's fees because (1) the West Columbia Parties were not prevailing parties; (2) attorney's fees are not available for defendants in civil rights and torts actions and because seeking to enforce a settlement agreement did not change the nature of the action; (3) the West Columbia Parties' attorneys did not file a brief or response in the Supreme Court of Texas; (4) awarding attorney's fees for appellate work violates an indigent person's right of access to the courts; (5) a Rule 11 agreement containing prospective language is not a contract; and (6) Riggins is entitled to attorney's fees.

### A.   Jurisdiction Over the Post-Mandate Motions

In the order from which Riggins appeals, the trial court determined that it lacked jurisdiction over the Post-Mandate Motions.  The West Columbia Parties argue that the trial court was correct in making this determination.  Construing Riggins's appellate brief liberally, we conclude that Riggins asserts on appeal that the trial court had jurisdiction over the Post-Mandate Motions because the Judgment was void.  Riggins asserts that the Judgment was void because the trial court allegedly erred in enforcing the Rule 11 agreement, ordering attorney's fees, and rendering the Judgment.

Jurisdiction refers to a court's authority to adjudicate a case.  *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003).  If a court has jurisdiction to resolve a dispute, an error in its resolution of the merits does not deprive the court of jurisdiction.  *See Reiss*, 118 S.W.3d at 443 (holding that a judgment is not void merely because

the court erred in adjudicating the merits). Riggins does not argue that the trial court lacked jurisdiction to determine whether to enforce the Rule 11 agreement and to determine whether any of the parties were entitled to attorney's fees. Instead, Riggins asserts that the Judgment is void because the trial court allegedly made the wrong decision. Any error by the trial court in adjudicating the merits in the Judgment did not deprive the trial court of jurisdiction to render the Judgment, nor did it make the Judgment void. *See id.*

In the remainder of her appellate brief, Riggins does not raise any other challenge to the trial court's conclusion that it lacked jurisdiction over the Post-Mandate Motions. Riggins's argument challenging the trial court's decision that it lacked jurisdiction over the Post-Mandate Motions is without merit. To the extent that Riggins challenges the trial court's determination that it lacked jurisdiction over the Post-Mandate Motions in her six appellate issues, those issues are overruled.

### B.    Challenges to Enforcement

The Texas Rules of Civil Procedure limit a trial court's jurisdiction after it has rendered a final judgment. *Custom Corporates, Inc. v. Security Storage, Inc.*, 207 S.W.3d 835, 839 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Even after a trial court's plenary power over a judgment expires, the trial court has an affirmative duty to enforce its judgment, and the trial court retains statutory and inherent authority to do so. *See* Tex. R. Civ. P. 308; *In re Crow-Billingsley Air Park, Ltd.*, 98 S.W.3d 178, 179 (Tex. 2003); *Bancorp South Bank v. Prevot*, 256 S.W.3d 719, 724 (Tex. App.—Houston [14th Dist.] 2008, no pet.). After its plenary power over a judgment expires, the trial court may not issue an order that is inconsistent with the judgment or that otherwise constitutes a material change in the substantive adjudicative portions of the judgment. *Custom Corporates, Inc.*,

207 S.W.3d at 839.

Under her third issue, Riggins argues that the West Columbia Parties are not entitled to attorney's fees because they did not file a brief or a response in the Supreme Court of Texas. Under the language of the Judgment, as modified by this court in the First Appeal, the West Columbia Parties are entitled to an additional $4,000 in appellate attorney's fees "if [Riggins] should appeal . . . to the Texas Supreme Court," conditioned on the West Columbia Parties' success on appeal. Under the unambiguous language of the Judgment, as modified by this court, the West Columbia Parties were not required to file a response or a brief to be entitled to recover these additional appellate fees. Riggins has not shown that the trial court erred to the extent the trial court ordered the disbursement of these additional attorney's fees from the registry of the court.[2]

Under her first issue, Riggins also asserts that the trial court erred in ordering disbursement of attorney's fees directly to the law firm representing the West Columbia Parties rather than to the West Columbia Parties. Riggins does not explain how she preserved error as to this complaint. A review of the record reveals that Riggins did not voice this complaint in the trial court and obtain an adverse ruling from the trial court. Therefore, Riggins failed to preserve error in the trial court as to this appellate complaint. *See* Tex. R. App. P. 33.1(a); *Gammill v. Fettner*, 297 S.W.3d 792, 801–02 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

We have addressed all of Riggins's appellate arguments that

---

[2] Riggins does not assert that the West Columbia Parties were not entitled to these fees because Riggins filed a petition for review rather than an appeal in the Supreme Court of Texas. Even if Riggins had made such an argument, we would conclude it lacks merit.

constitute a challenge to the manner in which the trial court enforced the Judgment rather than an attempt to relitigate the Judgment after the trial court lost plenary power over the Judgment. We conclude that, in these arguments, Riggins has not shown that the trial court erred in the manner in which it enforced the Judgment. Having concluded that all of Riggins's arguments lack merit, we overrule Riggins's appellate issues.

The order of the trial court is affirmed.


/s/    Kem Thompson Frost
         Chief Justice

Panel consists of Chief Justice Frost and Justices Jamison and Wise.