

NUMBER 13-15-00211-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SANDRA MARIBEL ARROYO, Appellant,

v.

CRISTO REY GARZA, Appellee.

On appeal from the 370th District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Garza, Perkes, and Longoria**
**Memorandum Opinion by Justice Longoria**

Appellant Sandra Maribel Arroyo brings this restricted appeal of the trial court's

order granting traditional summary judgment to appellee Cristo Rey Garza. We affirm.

## I. Background

Garza and Arroyo moved to Hidalgo County from Washington State in 2002. Upon their arrival, Garza purchased two parcels of real property. Garza used his own funds to purchase both properties but had the title to both put in Arroyo's name "for the sole purpose of convenience." According to Garza, Arroyo agreed to transfer title to both parcels back to Garza on demand.

Garza filed suit in 2013 after Arroyo allegedly sold the second parcel but refused to account for the proceeds and also refused Garza's demand to transfer title to the first parcel to Garza. Garza alleged a cause of action for breach of contract, and sought a resulting trust over the first parcel and a constructive trust over the proceeds from the sale of the second parcel. Arroyo filed a *pro se* answer in which she gave a mailing address in Mission, Texas. Arroyo, still *pro se*, later filed two certificates of written discovery which listed her mailing address as a post office box in Edinburg, Texas.

Garza filed a motion to compel discovery and for sanctions. The motion reflects that it was not served on Arroyo but sent to Rene A. Flores, an attorney.[1] Garza later filed a motion for traditional summary judgment which reflects that it was served on Arroyo at the address in Mission that Arroyo provided in her Original Answer.[2] The trial court later sent two written notices to Arroyo at the Mission address informing her of the submission date for Garza's motion and the date her response was due.

---

[1] Rene Flores represents Arroyo on appeal but, as we discuss in more detail below, there is no evidence that he made an appearance for Arroyo in the trial court.

[2] Garza's motion for summary judgment also nonsuited his claims for breach of contract and for a constructive trust over proceeds from the sale of the second parcel.

The district clerk later sent notice to both parties that the court had granted Garza's motion for summary judgment. The notice to Arroyo reflects that it was mailed to Arroyo at the Mission address. On February 2, 2015, the clerk sent both parties the notice required by Texas Rule of Civil Procedure 306a informing them that the court had signed the judgment on December 22, 2014. *See* TEX. R. CIV. P. 306a(3). The notice addressed to Garza reflects that it was mailed to his attorney of record, but the notice addressed to Arroyo does not contain an address of any kind.

Arroyo perfected this restricted appeal. *See* TEX. R. APP. P. 26.1, 30.

## II. DISCUSSION

By two issues, Arroyo argues that error is apparent on the face of the record because: (1) Garza's summary judgment motion and notices of the submission date for it were improperly served on Arroyo rather than on her attorney, Flores; and (2) the clerk's failure to timely send the notice required by Texas Rule of Civil Procedure 306a(3) precluded Arroyo from timely filing post-judgment motions.

### A. Applicable Law

A party who does not participate in person or through counsel in a hearing that results in a judgment may be eligible for a restricted appeal. *Id.* R. 30. To bring a proper restricted appeal, the filing party must prove: (1) she filed notice of the restricted appeal within six months after the trial court signed the judgment; (2) she was a party to the underlying lawsuit; (3) she did not participate in the hearing that resulted in the complained-of judgment and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam). For the purpose of

3

a restricted appeal, the record consists of all papers on file with the court at the time it rendered judgment. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). Only the fourth element is at issue here.

**B. Analysis**

**1. Had Flores Made an Appearance?**

By her first issue, Arroyo argues that error is apparent on the face of the record because Garza's motion for summary judgment and the notices of the submission date were improperly served on Arroyo rather than on Flores, her attorney. Garza responds that there is no error on the face of the record because Flores never made an appearance for Arroyo.

We agree with Garza. Texas Rules of Civil Procedure 8 and 21a require that "when a party is represented by counsel who has made an appearance," all communications regarding the case from the court or another party must be sent to the party's attorney. *Morin v. Boecker*, 122 S.W.3d 911, 914 (Tex. App.—Corpus Christi 2003, no pet.). If Arroyo had been represented by counsel who had made an appearance, serving Garza's motion for summary judgment and the submission notices directly on Arroyo would be reversible error. *See Lester v. Capital Indus., Inc.*, 153 S.W.3d 93, 96 (Tex. App.—San Antonio 2004, no pet.); *see also Bishop v. Clawson*, No. 14-12-00830-CV, 2013 WL 5026817, at *7 (Tex. App.—Houston [14th Dist.] Sept. 12, 2013, no pet.) (mem. op.). However, even if Arroyo retained Flores to represent her in the trial court, the record does not reflect that Flores ever made an appearance on Arroyo's behalf.

An attorney makes an appearance before the court by filing pleadings or appearing in court on a party's behalf to request affirmative relief. *See Smith v. Smith*, 241 S.W.3d

4

904, 907 (Tex. App.—Beaumont 2007, no pet.) (citing TEX. R. CIV. P. 8, 120). Flores did not file any pleadings or motions and did not respond to any of Garza's filings. *See* TEX. R. CIV. P. 8. Further, the trial court did not conduct any hearings at which Flores could enter an appearance. *See id.* R. 120. Without some evidence that Flores made an appearance on Arroyo's behalf, the trial court did not err by serving Arroyo rather than Flores.[3] *See Morin*, 122 S.W.3d at 914. We hold that Arroyo has failed to show that error is apparent on the face of the record. *See Pike-Grant*, 447 S.W.3d at 886. We overrule Arroyo's first issue.

### 2. Rule 306a(3) Notice

By her second issue, Arroyo argues that error is apparent on the face of the record because the clerk did not timely send her notice that the trial court signed the order granting Garza's motion for summary judgment. Arroyo alleges that she received the notice too late to timely file any post-judgment motions.

The procedural timetables for filing post-judgment motions normally run from the date on which the trial court signed the judgment. TEX. R. CIV. P. 306a(1). The clerk must "immediately" send written notice to the parties when the court signs the judgment so that the parties may timely file post-judgment motions. *Id.* R. 306a(3). However, the timelines will run from the date a party receives notice the judgment has been signed—either from the clerk or by acquiring actual knowledge of the signing—if the party: (1) complies with the sworn motion, notice, and hearing requirements of Rule 306a(5); and (2) proves the party received notice of the judgment more than twenty but less than ninety-one days

---

[3] We note that Arroyo does not argue that she never received notice of the motion for summary judgment or the two notices of the submission date sent by the trial court.

5

after the judgment was signed. *Id.* R. 306a(4), (5); *see In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006) (orig. proceeding).

We agree with Arroyo that her receipt of notice forty-two days after the judgment was signed did not give her time to file post-judgment motions, but it is undisputed that Arroyo did not attempt to take advantage of the procedure for extending the post-judgment timelines. *See* TEX. R. CIV. P. 306a(4) (providing that the post-judgment deadlines will begin on the day that a party receives notice or acquires actual knowledge that the judgment has been signed if the party does not receive the notice sent by the clerk within twenty days). Arroyo does not explain why receiving notice earlier than ninety-one days after the court signed the judgment is reversible error when she did not attempt to extend the timelines through the procedure provided by Rule 306a(4). *See id.* Arroyo cited to two authorities from the Texas Supreme Court, but neither addresses this circumstance. *See Ginn v. Forrester*, 282 S.W.3d 430, 433 (Tex. 2009) (per curiam) (addressing whether the record was adequate to show that the clerk sent notice of intent to dismiss for want of prosecution); *In re Lynd Co.*, 195 S.W.3d at 685 (discussing whether the trial court's ruling on a motion to extend the post-judgment deadlines properly re-invoked the trial court's plenary power under Texas Rule of Civil Procedure 306a). Accordingly, we overrule Arroyo's second issue.

### III. APPELLATE SANCTIONS

We turn now to Garza's request that this Court assess appellate sanctions against Arroyo for filing a frivolous appeal. *See* TEX. R. APP. P. 45.

**A. Applicable Law**

6

This Court has the authority to award a prevailing party "just damages" if we determine that an appeal is frivolous. *Id.* We determine whether an appeal is frivolous by reviewing the entire record from the appellant's standpoint and deciding whether she had a reasonable expectation of reversal or if she pursued the appeal in bad faith. *In re Estate of Robinson*, 140 S.W.3d 801, 813 (Tex. App.—Corpus Christi 2004, pet. dism'd). Whether to award appellate sanctions is a matter within this court's discretion, which we exercise with prudence and caution and only after careful deliberation. *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc). Even if we find an appeal to be frivolous, we will impose sanctions only in truly egregious circumstances. *Riggins v. Hill*, 461 S.W.3d 577, 583 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).

**B. Analysis**

Garza asks us to sanction Arroyo because her brief: (1) is "so extremely poorly written that it raises no arguable points of error"; (2) "shows a conscious indifference to settled rules of law"; and (3) "generally and totally fails to properly state her argument, cite authority, or provide a substantive analysis." Garza requests that we award sanctions in an amount equal to 5% of the value of the judgment plus the fair market rental value of the property for the time that this appeal has been pending. Arroyo has not filed a response to Garza's motion.

After considering the record, briefs, and other papers filed in the case, we agree that Arroyo had no reasonable chance of reversal. It is difficult to see how the mere notation that a document had been sent to an attorney, without more, is sufficient to constitute an appearance by that attorney. Arroyo made no effort to explain her argument

7

to the contrary or cite to relevant authorities. Regarding her second issue, Arroyo asserted in her brief that Texas courts have not provided a "rigid guideline" regarding the relief available to a party who does not timely receive notice under Rule 306a(1), but she ignored the procedure in Rule 306a(5) for addressing that very circumstance. *See* TEX. R. CIV. P. 306a(5). Nevertheless, we cannot conclude on the record before us that this case presents the truly egregious circumstances warranting appellate sanctions. *See Riggins*, 461 S.W.3d at 583. We reject Garza's request for appellate sanctions.

## IV. CONCLUSION

We affirm the judgment of the trial court.

NORA LONGORIA,
Justice

Delivered and filed the
29th day of December, 2015.

8