**Affirmed and Opinion filed October 28, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00218-CV

## SOMAIAH KHOLAIF, Appellant

### v.

## ZIYAD SAFI, EXECUTOR OF THE ESTATE OF WAJIH ARIF SAFI, DECEASED, Appellee

**On Appeal from the Probate Court No. 2
Harris County, Texas
Trial Court Cause No. 449,677**

## OPINION

Appellant Somaiah Kholaif is the widow of Wajih Arif Safi. Appellee Ziyad Safi is the executor of Wajih Arif Safi's estate. Kholaif filed a petition for bill of review, contending a final summary judgment is void and should be set aside. The probate court denied the bill of review. Kholaif contends on appeal that (1) the probate court erred in refusing to empanel a jury to decide fact issues raised in the bill of review, (2) the challenged summary judgment contains substantial errors,

and (3) the probate court abused its discretion in denying the bill of review because a premarital agreement at issue in this case is purportedly invalid and unenforceable. Ziyad Safi asks this court to assess sanctions against Kholaif for filing a frivolous appeal. Concluding that the probate court did not abuse its discretion in denying the bill of review, we affirm the judgment but decline to assess sanctions.

## *Background*

Kholaif and the decedent were married in 2013 after they purportedly signed a premarital agreement. The former presiding judge of Harris County Probate Court No. 3 admitted the decedent's will into probate in 2016. Kholaif filed an opposition asserting that the decedent lacked the capacity to make a valid will and that Ziyad Safi exerted undue influence and committed forgery, fraudulent acquisition of a signature, and breach of fiduciary duty. At issue was the validity and enforceability of the premarital agreement, pursuant to which Kholaif purportedly waived her homestead rights and rights to a family allowance.

After Kholaif was served with requests for admissions and failed to respond, the requests were deemed admitted against her. Ziyad Safi then moved for summary judgment. The probate court eventually rendered final summary judgment declaring that under the premarital agreement, Kholaif "has no homestead rights to Decedent's home, nor has rights to a family allowance, or exempt property." Kholaif appealed to this court but then voluntarily moved to dismiss the appeal, and we granted the motion to dismiss.

Kholaif filed a timely petition for bill of review and a jury demand in Probate Court No. 3. Kholaif alleged that the premarital agreement was not valid and enforceable because it was not properly executed and Kholaif did not make an informed decision to sign the agreement. The presiding judge subsequently ceased

2

to hold office, and his successor recused himself from the case. The case was then randomly reassigned to Probate Court No. 2.[1] The probate court informed the parties that it would not empanel a jury, then it conducted a bench trial and denied the bill of review. The probate court also signed findings of fact and conclusions of law, concluding, in relevant part, that Kholaif failed to prove that the original probate court substantially erred when it signed the final summary judgment.

### *Discussion*

Kholaif brings three issues on appeal challenging the probate court's rulings on the bill of review. The parties both agree that this is a statutory bill of review under the Estates Code as opposed to an equitable bill of review. We first discuss the applicable law and standards of review and then turn to the merits of Kholaif's arguments.

A bill of review is a separate, independent suit to set aside a judgment that is no longer subject to a motion for new trial or appealable. *Woods v. Kenner*, 501 S.W.3d 185, 190 (Tex. App.—Houston [1st Dist.] 2016, no pet.). There are two types of bills of review: equitable and statutory. *See id.* at 191. Kholaif petitioned for a statutory bill of review. The purpose of a statutory bill of review is "to revise and correct errors, not merely to set aside decisions, orders, or judgments rendered by the probate court." *Nadolney v. Taub*, 116 S.W.3d 273, 278 (Tex. App.–Houston [14th Dist.] 2003, pet. denied).

Kholaif filed her petition under section 55.251 of the Estates Code, which provides, in relevant part, that "[a]n interested person may, by a bill of review filed in the court in which the probate proceedings were held, have an order or judgment

---

[1] *See In re Kholaif*, No. 14-18-00950-CV, 2019 WL 3228152, at *1 (Tex. App.—Houston [14th Dist.] July 18, 2019, orig. proceeding) (mem. op.) (discussing procedural history). We refer to Probate Court No. 2 throughout this opinion as "probate court" and refer to Probate Court No. 3 as "original probate court" except where otherwise noted.

rendered by the court revised and corrected on a showing of error in the order or judgment, as applicable."[2] Tex. Est. Code § 55.251(a). The error must be "substantial" and must be proven by a preponderance of the evidence. *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226–27 (Tex. 2015); *Nadolney*, 116 S.W.3d at 278.

Thus, to prevail on a petition for bill of review under section 55.251, the petitioner must prove, by a preponderance of the evidence, that the trial court's order or judgment contains substantial error. *Valdez*, 465 S.W.3d at 226–27; *Nadolney*, 116 S.W.3d at 278. The error need not appear on the face of the record and may be proved at trial. *Nadolney*, 116 S.W.3d at 278. If the petitioner meets her burden, the trial court vacates the erroneous order or judgment, and renders a revised and corrected one after a new trial. *Cf. Caldwell v. Barnes*, 154 S.W.3d 93, 97–98 (Tex. 2004) (per curiam) (involving equitable bill of review).

We review a trial court's ruling on a petition for statutory bill of review for an abuse of discretion, indulging every presumption in favor of the trial court's ruling. *Woods*, 501 S.W.3d at 190; *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 293 (Tex. App.—Houston [14th Dist.] 2002, no pet.). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner or without reference to guiding rules and principles. *Woods*, 501 S.W.3d at 190.

---

[2] We note that Kholaif did not bring her petition for bill of review as a separate, independent lawsuit and did not file it under a new cause number and style. Rather, she filed her petition under the same cause number as the pending probate matter. Texas procedure generally requires that a petition for bill of review, as an independent action, be filed as a new lawsuit under a different cause number than the case whose judgment the bill of review complainant is attacking. *Amanda v. Montgomery*, 877 S.W.2d 482, 485 (Tex. App.—Houston [1st Dist.] 1994, no writ). But Ziyad Safi did not move to sever the bill of review from the pending probate matter, so we need not decide whether Kholaif was required to file her bill of review as a separate lawsuit under section 55.251. *Cf. id.* (holding trial court abused discretion in denying motion to sever equitable bill of review from pending matter).

## I.    No Denial of Right to Jury Trial

In her first issue, Kholaif contends that the probate court erred in refusing to empanel a jury to decide issues of fact raised in her bill of review, thus denying her the right to a jury trial. As discussed, in her bill of review, Kholaif challenged the original probate court's summary judgment because she contends there were material issues of fact regarding whether the premarital agreement is valid and enforceable. Ziyad Safi argues that Kholaif was not denied the right to a jury trial because there were no fact issues to submit to a jury and summary judgment was proper.

When there are no genuine issues of material fact and only questions of law are involved, a trial court can render summary judgment and summarily terminate a case without a jury trial. Tex. R. Civ. P. 166a(c); *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 296–97 (Tex. 2011); *see also IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 441 (Tex. 1997) ("[I]f summary judgment is proper, there are no facts to find."). The purpose for summary judgments is not to deprive litigants of the right to a jury trial but to "eliminate patently unmeritorious claims and defenses." *White v. Shannon*, No. 14-09-00826-CV, 2010 WL 4216539, at *4 (Tex. App.—Houston [14th Dist.] Oct. 26, 2010, no pet.) (mem. op.); *Fertic v. Spencer*, 247 S.W.3d 242, 251 (Tex. App.—El Paso 2007, pet. denied). When a party cannot show a material fact issue, there is nothing to submit to the jury, and the rendition of summary judgment does not violate the right to a jury trial. *White*, 2010 WL 4216539, at *4; *Fertic*, 247 S.W.3d at 251.

Questions involving the existence of genuine issues of material fact are legal questions to be decided by the court. *See Tex. Workforce Comm'n v. Wichita Cty.*, 548 S.W.3d 489, 492 (Tex. 2018) ("We review summary judgments de novo."). Here, the probate court was required to decide as a matter of law whether there

were genuine issues of material fact that should have precluded the original probate court's rendition of summary judgment. "If summary judgment is proper, there are no facts to find, and the legal conclusions have already been stated in the motion and response." *Willms v. Americas Tire Co.*, 190 S.W.3d 796, 810 (Tex. App.—Dallas 2006, pet. denied) (citing *IKB*, 938 S.W.2d at 441). Because the probate court was required to decide as a matter of law whether there were any genuine issues of material fact, there was nothing to submit to the jury. *See White*, 2010 WL 4216539, at *5; *see also Fertic*, 247 S.W.3d at 251. Kholaif has not shown that the probate court denied her the right to a jury trial on these facts.[3] We overrule her first issue.

## II. Substantial Error Not Established

In her second and third issues, Kholaif contends that the summary judgment contains substantial error because she presented evidence that neither she nor the decedent signed the premarital agreement and that she did not give informed consent to the agreement. *See* Tex. Fam. Code § 4.006 (listing requirements for enforcement of premarital agreements). Kholaif asserts that the premarital agreement should not have been enforced based on these grounds. Ziyad Safi contends there is no substantial error in the summary judgment because the original probate court heard the arguments presented by Kholaif in response to the motion for summary judgment, which were the same arguments presented in the bill of review and on appeal, and the original probate court did not err in granting final summary judgment against Kholaif because of deemed admissions by Kholaif.

---

[3] If the summary judgment had contained substantial error, the proper remedy would have been to set it aside. Then Kholaif may have been entitled to a jury trial if there were genuine issues of material fact. *See Caldwell*, 154 S.W.3d at 97–98 (reversing judgment denying equitable bill of review and remanding for jury trial).

6

It is a longstanding rule that ordinarily we do not relitigate issues that have previously been decided. *See Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950) ("Endless litigation, in which nothing was ever finally determined, would be worse than occasional miscarriages of justice."). But a statutory bill of review under section 55.251 is a unique creature that allows any interested person to attack a judgment by bill of review after the appellate deadlines have expired. *Woods*, 501 S.W.3d at 191 (citing former Texas Probate Code section 31, which is now codified in Estates Code section 55.521); *see also Valdez*, 465 S.W.3d at 230 (noting, in applying limitations to section 55.521, that "[b]ills of review are intrinsically incongruous with finality, and thus are not lightly granted.").[4] So long as the bill of review is filed timely, not "more than two years after the date of the order or judgment," an interested person may "have an order or judgment rendered by the court revised and corrected on a showing of error in the order or judgment." Tex. Est. Code § 55.251. Our standard of review thus does not depend on whether the original probate court previously heard the same arguments. Our standard is based on whether a petitioner who files a timely bill of review has shown, by a preponderance of the evidence, that the trial court's order or judgment contains substantial error. *Valdez*, 465 S.W.3d at 226–27; *Nadolney*, 116 S.W.3d at 278.

After Kholaif filed her opposition in the original probate court challenging the decedent's will and the validity and enforceability of the premarital agreement, Ziyad Safi served Kholaif with requests for admissions. Kholaif never responded. Failure to respond in a timely manner to properly served requests for admissions results in the requests being deemed "admitted without the necessity of a court order" and conclusively establishes the matters that are deemed admitted. Tex. R.

---

[4] Probate Code section 31 was recodified into substantively similar language in Estates Code section 55.251. Tex. Est. Code § 55.251 (formerly Tex. Prob. Code § 31); *Smalley v. Smalley*, 436 S.W.3d 801, 806 & n.7 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Civ. P. 198.2(c), 198.3; *see also Wal-Mart Stores, Inc. v. Deggs*, 968 S.W.2d 354, 355 (Tex. 1998) (per curiam); *Webb v. Ray*, 944 S.W.2d 458, 460–61 (Tex. App.—Houston [14th Dist.] 1997, no writ); *cf. Chavez v. Chavez*, No. 01-13-00727-CV, 2014 WL 5343231, at *3 (Tex. App.—Houston [1st Dist.] Oct. 21, 2014, no pet.) (mem. op.) (discussed below). As part of her deemed admissions, Kholaif admitted that she and the decedent signed the premarital agreement, it was properly translated and notarized, she intended to be bound by it, she waived her homestead rights and rights to a family allowance, and there was no exempt property.[5] Ziyad Safi moved for summary judgment on the basis that these issues had been established as a matter of law. As a result, the original probate court rendered summary judgment declaring that pursuant to the premarital agreement, Kholaif "has no homestead rights to Decedent's home, nor has rights to a family allowance, or exempt property."

Admissions, once deemed admitted, are judicial admissions, and the opposing party may not introduce controverting evidence in related legal proceedings. *Webb*, 944 S.W.2d at 462. Deemed admissions may be employed as summary judgment proof. *Id*. In this case, the deemed admissions provide uncontroverted proof of the validity and enforceability of the premarital agreement.[6] *See id*. Kholaif has not shown by a preponderance of the evidence that

---

[5] The requests for admissions are not part of our record on appeal, but the parties discussed them at the bench trial on the bill of review. Kholaif did not dispute during trial and does not dispute on appeal that the requests were served on her and are deemed admitted.

[6] A court may permit withdrawal or amendment of deemed admissions upon a showing of good cause under certain circumstances. Tex. R. Civ. P. 198.3. Prior to the rendition of summary judgment, Kholaif moved to withdraw or amend the deemed admissions, but the original probate court denied the motion. Kholaif did not challenge that order in the bill of review or on appeal, so it is not before us. Moreover, Kholaif does not challenge the presumption of service. *Cf. Chavez*, 2014 WL 5343231, at *3 ("[A]lthough a party's failure to timely respond to requests for admissions normally results in the matters therein being deemed admitted against him and conclusively established, such matters cannot be deemed admitted against a party if service of

8

the summary judgment contains substantial error. Accordingly, the trial court did not abuse its discretion in denying the bill of review. We overrule Kholaif's second and third issues.

## III. No Egregious Circumstances Support Award of Just Damages

Ziyad Safi asks this court to assess sanctions against Kholaif for filing a frivolous appeal under Texas Rule of Appellate Procedure 52.11, which allows sanctions for "filing a petition that is clearly groundless" in an original proceeding. Tex. R. App. P. 52.11(a). Because this is a direct appeal rather than an original proceeding, the correct rule is Rule 45. Tex. R. App. P. 45; *see also Nova Cas. Co. v. Sovereign Parking & Transp. Servs., Inc.*, No. 01-15-00550-CV, 2016 WL 3964907, at *4–5 (Tex. App.—Houston [1st Dist.] July 21, 2016, no pet.) (mem. op.). Rule 45 allows this court after notice and a reasonable opportunity to respond, to award "just damages" if after considering everything in its file, the court makes an objective determination that the appeal is frivolous. *Riggins v. Hill*, 461 S.W.3d 577, 583 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).

We review the record from the viewpoint of the advocate and decide whether the advocate had reasonable grounds to believe the case could be reversed. *Id*. The imposition of Rule 45 damages is a matter within our discretion, which we exercise with prudence and caution after careful deliberation. *Id*. Rule 45 does not require an award of damages in every frivolous appeal. *Id*. Instead, "we will do so only in truly egregious circumstances." *Sintim v. Larson*, 489 S.W.3d 551, 559 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

Kholaif provided case authorities to support her arguments in her briefs, and

---

the requests for admissions was not perfected."). In the *Chavez* case, our sister court reversed the probate court's denial of a statutory bill of review because the petitioner presented evidence rebutting the presumption of service of requests for admissions. 2014 WL 5343231, at *5.

she claimed legitimate potential grounds for relief in her assertions that the summary judgment contained substantial error. We conclude that the advocate in this case could have reasonable grounds to believe the case could be reversed. While we have rejected Kholaif's claims on appeal, we nevertheless exercise our discretion and conclude this appeal does not present egregious circumstances. We decline to award damages and deny Ziyad Safi's request for sanctions.

### *Conclusion*

We conclude the probate court did not abuse its discretion in denying Kholaif's statutory bill of review and affirm the judgment, but we deny Ziyad Safi's request for sanctions.


/s/    Frances Bourliot
Justice


Panel consists of Justices Bourliot, Spain, and Wilson.