Evelyn V. Keyes, Justice *819 In this breach of contract case concerning services and labor provided in connection with the expansion of the Houston Transtar building, Texan Floor Service, Ltd. ("Texan Floor") sued R. Hassell Builders, Inc. ("R. Hassell Builders") for non-payment of Texan Floor's retainage fee and attorney's fees. R. Hassell Builders answered and filed a "Suggestion of Bankruptcy and Notice of Automatic Stay" concerning a bankruptcy proceeding involving an entity in the same corporate family as R. Hassell Builders. R. Hassell Builders was not the debtor in the bankruptcy proceeding. While the automatic stay was in place, Texan Floor filed a motion for traditional and no-evidence summary judgment. Within thirty days after the bankruptcy court lifted the stay, the trial court granted summary judgment in favor of Texan Floor and awarded it damages, attorney's fees, and interest. On appeal, R. Hassell Builders contends it was entitled to the protection of the automatic stay despite its not being the bankruptcy debtor and, as a result, the trial court erred in rendering summary judgment in favor of Texan Floor within the thirty-day grace period following the lifting of an automatic stay pursuant to Bankruptcy Code section 108(c).
We affirm.
Background
R. Hassell Builders, the sole defendant in the trial court and appellant here, is part of a corporate family of entities, all of which are involved in various aspects of the construction business.[1] Royce Hassell is the President of R. Hassell Builders and R. Hassell Holding Company, Inc. Phillip Hassell is the President of Hassell Construction Company, Inc. In 2012, R. Hassell Holding Company, Hassell Construction Company, and another related entity, Hassell Management Services, L.L.C., entered into a joint venture agreement and created the Hassell 2012 Joint Venture, a general partnership, and the Springwoods Joint Venture. Although R. Hassell Holding Company, Hassell Construction Company, and Hassell Management Services were all partners of the Hassell 2012 Joint Venture, the record does not indicate whether R. Hassell Builders was also a partner.
A couple of the Hassell entities, including Hassell Construction Company and R. Hassell Builders, were involved in a construction project relating to expanding the building that houses Houston Transtar. As part of this project, R. Hassell Builders subcontracted with Texan Floor in September 2012 to supply labor, materials, and services for the project. Although the appellate record includes a copy of this contract, the copy is nearly illegible in places. However, some parts of the contract are legible, including the first page, *820 which states, "R. Hassell Builders, Inc. & Texan Floor Service," and "Subcontract for New Construction" for the "Transtar Emergency Building Expansion." The contract contains repeated references to "R. Hassell Builders, Inc." and "Texan Floor Service," and the signature page lists the parties as R. Hassell Builders, Inc. and Texan Floor Service.[2] The "project schedule" attached to the contract, although mostly illegible, indicates the involvement of Hassell Construction Company with the Transtar project, with each page containing a footer reading, "Hassell Construction Co., Inc. Transtar Emergency Building Exp."
In June 2014, Texan Floor sent an invoice to R. Hassell Builders for $6,511.04, reflecting its earned, but unpaid, retainage fee. This invoice reflected that the total contract price, including change orders, was $130,220.40 and that Texan Floor had received $123,709.36 of the contract price.
In February 2015, Royce Hassell, as the president of R. Hassell Holding Company, one of the general partners of the Hassell 2012 Joint Venture, filed an involuntary bankruptcy petition against the Hassell 2012 Joint Venture and the Springwoods Joint Venture, as the debtors, in the United States Bankruptcy Court for the Southern District of Texas. R. Hassell Holding Company alleged in the bankruptcy petition that the Hassell 2012 Joint Venture was not generally paying its debts as they became due. Appellant R. Hassell Builders was not listed as a debtor in this bankruptcy petition. On May 8, 2015, the bankruptcy court signed a Memorandum Opinion in response to a motion to dismiss filed by James Hassell, Hassell Construction Company, and Hassell Management Services. See In re Hassell 2012 Joint Venture , No. 15-30781, 2015 WL 2265414 (Bankr. S.D. Tex. May 8, 2015). In this Memorandum Opinion, the bankruptcy court set out the relationship of several of the Hassell entities, although it did not mention appellant R. Hassell Builders, and it ruled that the Hassell 2012 Joint Venture was a general partnership under Texas law and was entitled to respond to the involuntary bankruptcy petition. Id. at *1, 4.
In August 2015, more than a year after submitting its invoice for the retainage fee to R. Hassell Builders, which remained unpaid, Texan Floor sent a demand letter to a principal of Hassell Construction Company. In this demand letter, Texan Floor's attorney stated, "Hassell Construction, Inc./R. Hassell Builders, Inc. ("Hassell") contracted [Texan Floor] to furnish labor and materials for the Transtar Emergency Building Expansion Project in accordance with the parties' September 6, 2012 Construction Subcontract...." Texan Floor's counsel stated that Texan Floor had completed its contractual obligations, and he demanded payment of the retainage fee within a week and stated that if it were not paid Texan Floor would file suit.
Texan Floor did not receive payment of the retainage fee in response to its demand letter. On August 20, 2015, Texan Floor filed suit solely against R. Hassell Builders, asserting causes of action for breach of contract, promissory estoppel, and unjust enrichment/quantum meruit. Texan Floor also sought attorney's fees.
R. Hassell Builders answered on September 18, 2015, and asserted the affirmative defense of impossibility of performance. R. Hassell Builders simultaneously filed a "Suggestion of Bankruptcy and Notice of Automatic Stay," informing the trial court that an involuntary bankruptcy proceeding against the Hassell 2012 Joint Venture and the Springwoods Joint Venture had been filed in February 2015, and *821 requesting that the trial court acknowledge the protections of the automatic stay.
Two months later, in November 2015, Texan Floor moved for traditional and no-evidence summary judgment, seeking summary judgment on its breach of contract claim and damages in the amount of $6,511.04, attorney's fees, and pre-judgment interest. Texan Floor sought traditional summary judgment on its breach of contract claim, arguing that there was no dispute that R. Hassell Builders had subcontracted with it to perform work on the Transtar project, that Texan Floor had timely performed its contractual obligations in full, and that R. Hassell Builders had breached the contract by failing to pay Texas Floor its earned retainage fee. Texan Floor sought no-evidence summary judgment on R. Hassell Builders' affirmative defense of impossibility of performance, arguing that R. Hassell Builders failed to plead this affirmative defense with particularity and that R. Hassell Builders could produce no evidence of any of the limited circumstances in which Texas courts find impossibility of performance.
As summary judgment evidence, Texan Floor attached its demand letter, the contract, the invoice it sent to R. Hassell Builders for the retainage fee, and the affidavit of Jeffrey Hill, its President. Hill averred that R. Hassell Builders retained Texan Floor to furnish labor, materials, and services for the Transtar project, that R. Hassell Builders approved change orders for the project, that Texan Floor invoiced R. Hassell Builders for the retainage fee of $6,511.04, and that R. Hassell Builders had failed to pay the retainage fee.
On January 4, 2016, the trial court signed an order noting that Texan Floor had filed its summary judgment motion despite receiving notice that R. Hassell Builders had filed a suggestion of bankruptcy and automatic stay. The trial court stated, "[Texan Floor] needs to explain why this motion was filed despite the automatic stay."
On February 1, 2016, Texan Floor filed a response to this order. In its response, Texan Floor argued that the automatic stay did not apply because R. Hassell Builders was not, and never had been, a debtor in bankruptcy. Texan Floor cited federal law holding that the automatic stay does not apply to non-debtors, even if the non-debtor is a corporate affiliate of the debtor. Texan Floor argued that because the automatic stay did not apply to its claim against R. Hassell Builders, the trial court should proceed to hear Texan Floor's summary judgment motion. R. Hassell Builders did not file a response to this filing by Texan Floor, nor did it file a response to Texan Floor's summary judgment motion.
No further action happened in the underlying case for several months. Then, on September 23, 2016, the bankruptcy court issued a second Memorandum Opinion, in which it ruled on Hassell Construction Company's summary judgment motion seeking dismissal of the involuntary bankruptcy petition against the Hassell 2012 Joint Venture. See In re Hassell 2012 Joint Venture , No. 15-30781, 2016 WL 5369475 (Bankr. S.D. Tex. Sept. 23, 2016). Hassell Construction Company argued in its summary judgment motion that R. Hassell Holding Company could produce no evidence that the Hassell 2012 Joint Venture was not generally paying its debts as they came due. Id. In response, R. Hassell Holding Company listed several alleged debts of the Hassell 2012 Joint Venture and included Texan Floor's claim for its retainage fee, the subject of the underlying case, as an alleged debt of the Joint Venture. Id. at *2. In reply, Hassell Construction Company responded that this debt was disputed, stating that the debt refers *822 to a "pending lawsuit[ ] against [Hassell Construction Company.]" Id. at *7. The bankruptcy court did not analyze Texan Floor's claim, but it did rule that Hassell Construction Company had "met its burden of demonstrating that a bona fide dispute exists as to" this alleged debt to Texan Floor. Id. Ultimately, the bankruptcy court concluded that R. Hassell Holding Company had not demonstrated that the Hassell 2012 Joint Venture was not paying its debts as they became due, and it dismissed the involuntary bankruptcy petition. Id. at *9.
Ten days later, on October 3, 2016, Texan Floor filed a second notice of submission of its summary judgment motion. The trial court granted Texan Floor's summary judgment motion on October 12, 2016, awarding Texan Floor $6,511.04 in damages, $515.67 in pre-judgment interest, and $10,673.89 in attorney's fees, for a total judgment of $17,700.60.
R. Hassell Builders subsequently moved for a new trial, arguing that Texan Floor had moved for summary judgment in violation of the automatic stay and that, pursuant to Bankruptcy Code section 108(c), R. Hassell Builders was entitled to a thirty-day grace period following the expiration of the automatic stay in which to respond to Texan Floor's summary judgment motion, but the trial court rendered judgment before that thirty-day period expired.[3] As evidence, R. Hassell Builders attached the suggestion of bankruptcy that it filed contemporaneously with its answer, the trial court's January 4, 2016 order requesting that Texan Floor explain why it filed a motion for summary judgment despite the automatic stay, the bankruptcy court's September 23, 2016 Memorandum Opinion, and the bankruptcy court's order dismissing the involuntary bankruptcy petition.
The trial court denied R. Hassell Builders' motion for a new trial. This appeal followed.
Meanwhile, the Hassell 2012 Joint Venture appealed the bankruptcy court's September 23, 2016 memorandum opinion to the District Court for the Southern District of Texas. On July 24, 2017, while R. Hassell Builders' appeal of the trial court's underlying summary judgment was pending in this Court, the District Court issued a memorandum opinion affirming the bankruptcy court's opinion in part and remanding in part. See In re Hassell 2012 Joint Venture , No. H-16-3220, 2017 WL 3141168 (S.D. Tex. July 24, 2017). Relevant to this case, the District Court addressed whether the bankruptcy court had properly found that Texan Floor's claim for the retainage fee, which R. Hassell Holding Company had listed as an alleged debt of the Joint Venture in the bankruptcy proceeding, was subject to a "bona fide dispute."
*823 Id. at *6-7. The District Court held that, in making its ruling, the bankruptcy court had relied solely on a conclusory statement in Hassell Construction Company's summary judgment reply, which had stated that Texan Floor's lawsuit was "answered and disputed." Id. at *7. The District Court noted that the record contained only Texan Floor's original petition and summary judgment motion filed in the Harris County district court and did not include an answer or other pleading, and thus the court could not make an "independent review" of whether "there appeared to be a bona fide dispute as to the Joint Venture owing the debt or [whether] instead it was just not paying the debt and got sued." Id. The District Court thus remanded the case to the bankruptcy court to make a determination whether the debt was the subject of a bona fide dispute. Id.
The bankruptcy court issued a memorandum opinion addressing this question on September 21, 2017. See In re Hassell 2012 Joint Venture , No. 15-30781, 2017 WL 4220425 (Bankr. S.D. Tex. Sept. 21, 2017). In considering Texan Floor's claim, the bankruptcy court noted, after quoting portions of Texan Floor's original petition filed against R. Hassell Builders, that "Texan Floor[ ] sought only retainage amounts and related fees, interest and costs." Id. at *2. The bankruptcy court stated that the retainage amount was not payable until the Hassell entities received payment of that amount from Harris County for the Transtar project. Id. The court concluded that because "[t]here was never a moment in time when the retainage was due and not paid," Texan Floor's claim was subject to a bona fide dispute. Id. The bankruptcy court again dismissed the involuntary bankruptcy petition against the Hassell 2012 Joint Venture. Id. at *3.
Summary Judgment
In its sole issue, R. Hassell Builders contends that the trial court erred in granting summary judgment in favor of Texan Floor because R. Hassell Builders, despite not being the debtor in the bankruptcy proceeding, was entitled to the protection of the automatic stay. R. Hassell Builders argues that, as a result, the trial court erred in ruling on Texan Floor's summary judgment motion before the thirty-day grace period following the lifting of an automatic stay pursuant to Bankruptcy Code section 108(c) had expired.
A. Standard of Review
We review a trial court's ruling on a summary judgment motion de novo. Travelers Ins. Co. v. Joachim , 315 S.W.3d 860, 862 (Tex. 2010). When a party has filed both a traditional and a no-evidence summary judgment motion, we first review the trial court's summary judgment ruling under the no-evidence standard of Texas Rule of Civil Procedure 166a(i). See Ford Motor Co. v. Ridgway , 135 S.W.3d 598, 600 (Tex. 2004) ; Essex Crane Rental Corp. v. Carter , 371 S.W.3d 366, 375 (Tex. App.-Houston [1st Dist.] 2012, pet. denied).
To prevail on a no-evidence summary judgment motion, the movant must establish that there is no evidence to support an essential element of the non-movant's claim on which the non-movant would have the burden of proof at trial. TEX. R. CIV. P. 166a(i) ; Essex Crane , 371 S.W.3d at 375. The movant must be specific in challenging the evidentiary support for an element of a claim or defense; conclusory motions or general no-evidence challenges to an opponent's case are not authorized. Essex Crane , 371 S.W.3d at 375. The burden then shifts to the non-movant to present evidence raising a genuine issue of material fact as to each of the elements specified in the motion.
*824 Mack Trucks, Inc. v. Tamez , 206 S.W.3d 572, 582 (Tex. 2006) ; Essex Crane , 371 S.W.3d at 375. The trial court must grant the motion unless the non-movant produces more than a scintilla of evidence raising a genuine issue of material fact on the challenged elements. Essex Crane , 371 S.W.3d at 376. "More than a scintilla of evidence exists if the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.' " Id. (quoting Merrell Dow Pharms., Inc. v. Havner , 953 S.W.2d 706, 711 (Tex. 1997) ).
To prevail on a traditional summary judgment motion, the movant bears the burden of proving that no genuine issues of material fact exist and that it is entitled to summary judgment as a matter of law. TEX. R. CIV. P. 166a(c) ; Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding , 289 S.W.3d 844, 848 (Tex. 2009). When a plaintiff moves for summary judgment on its own claim, it must prove that it is entitled to judgment as matter of law on each element of its cause of action. Cleveland v. Taylor , 397 S.W.3d 683, 696-97 (Tex. App.-Houston [1st Dist.] 2012, pet. denied) ; Hahn v. Love , 394 S.W.3d 14, 24 (Tex. App.-Houston [1st Dist.] 2012, pet. denied) (stating that party moving for summary judgment on its own claim must conclusively prove all essential elements of claim). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. See City of Keller v. Wilson , 168 S.W.3d 802, 816 (Tex. 2005). If the movant meets its burden, the burden then shifts to the non-movant to raise a genuine issue of material fact precluding summary judgment. See Centeq Realty, Inc. v. Siegler , 899 S.W.2d 195, 197 (Tex. 1995).
We review the evidence presented in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. Fielding , 289 S.W.3d at 848 (citing City of Keller , 168 S.W.3d at 827 ). We indulge every reasonable inference and resolve any doubts in the non-movant's favor. Sw. Elec. Power Co. v. Grant , 73 S.W.3d 211, 215 (Tex. 2002) (citing Sci.Spectrum, Inc. v. Martinez , 941 S.W.2d 910, 911 (Tex. 1997) ).
B. Relevant Provisions of Bankruptcy Code
The Bankruptcy Code defines "debtor" as a "person or municipality concerning which a case under this title [Title 11 of the United States Code] has been commenced." 11 U.S.C.A. § 101(13) (LexisNexis 2014); ion index="25" url="https://cite.case.law/citations/?q=11%20U.S.C.%20%C2%A7%20101">id. § 101(41) (defining "person" to include partnerships). Bankruptcy Code section 303 allows for an involuntary bankruptcy case to be commenced against a partnership-debtor by the filing of a bankruptcy petition by fewer than all of the general partners of the partnership. 11 U.S.C.A. § 303(a), (b)(3)(A) (LexisNexis 2014); In re McMillan , 543 B.R. 808, 813 (Bankr. N.D. Tex. Jan. 8, 2016) (noting that general partners of partnership debtor are potentially eligible to file involuntary bankruptcy petition). The commencement of an involuntary bankruptcy case creates a bankruptcy estate that is comprised of, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C.A. § 541(a)(1) (LexisNexis 2016).
An involuntary bankruptcy petition "operates as a stay, applicable to all entities," of:
(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under [Title 11], or to recover a claim against the debtor that arose before *825 the commencement of the case under this title;
....
(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
....
(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under [Title 11];
....
11 U.S.C.A. § 362(a) (LexisNexis 2009). In certain circumstances, on the request of a party in interest and after notice and a hearing, the bankruptcy court shall grant relief from the automatic stay. 11 U.S.C.A. § 362(d).
Bankruptcy Code section 108(c) provides that if applicable non-bankruptcy law "fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor ... and such period has not expired before the date of the filing of the petition," then the period does not expire until the later of "the end of such period, including any suspension of such period occurring on or after the commencement of the case" or "30 days after notice of the termination or expiration of the stay under section 362... with respect to such claim." 11 U.S.C.A. § 108(c) (LexisNexis 2014).
C. Whether R. Hassell Builders, as a Non-Debtor, Was Entitled to Protection of Automatic Stay
R. Hassell Builders acknowledges that it was not the debtor in the Hassell 2012 Joint Venture's bankruptcy case, but it argues that it was nevertheless entitled to the protection of the automatic stay from that case.
The automatic stay provision of Bankruptcy Code section 362"is designed to shield the debtor from the burdens of litigation during the processes of bankruptcy." Seiko Epson Corp. v. Nu-Kote Int'l, Inc. , 190 F.3d 1360, 1364 (Fed. Cir. 1999). The purposes of the automatic stay are to "protect the debtor's assets, provide temporary relief from creditors, and further equity of distribution among the creditors by forestalling a race to the courthouse." Reliant Energy Servs., Inc. v. Enron Can. Corp. , 349 F.3d 816, 825 (5th Cir. 2003) ; In re S.I. Acquisition, Inc. , 817 F.2d 1142, 1146 (5th Cir. 1987) (stating that automatic stay "ensures a respite for the debtor so that it may attempt to reorganize or decide to liquidate and promotes the overriding bankruptcy policy of equal distribution of a debtor's assets among creditors"). "[P]roceedings that do not threaten to deplete the assets of the debtor need not be stayed." Seiko Epson , 190 F.3d at 1364 ; see In re TXNB Internal Case , 483 F.3d 292, 301 (5th Cir. 2007) (" Section 362(a) operates to stay only actions against bankruptcy petitioners and their property.... The provision does not apply, however, to actions not directed against the debtor or property of the debtor.").
1. Stay Pursuant to Section 362(a)(1)
Section 362(a)(1) stays the commencement or continuation of a judicial proceeding to recover a claim against the debtor. 11 U.S.C.A. § 362(a)(1).
As a general rule, "[t]he automatic stay of section 362(a) protects only the debtor, property of the debtor or property of the estate. It does not protect non-debtor parties or their property. Thus, section 362(a) does not stay actions against guarantors, sureties, corporate affiliates , or other non-debtor parties liable on the debts of the debtor."
In re Chugach Forest Prods., Inc. , 23 F.3d 241, 246 (9th Cir. 1994) (quoting In re Advanced Ribbons & Office Prods. , 125 B.R. 259, 263 (9th Cir. BAP 1991) ) (emphasis *826 added); see also Seiko Epson , 190 F.3d at 1364 (stating that it is "clearly established" that automatic stay does not apply to non-bankrupt co-defendants of debtor). The automatic stay protections do "not extend to actions against nondebtors simply because of their relationship to [the] debtor." In re Pegasus Funds TFN Trading Partners, LP , 345 S.W.3d 175, 177 (Tex. App.-Dallas 2011, orig. proceeding) ; see also Reliant Energy Servs. , 349 F.3d at 825 (stating that automatic stay is "rarely ... a valid basis on which to stay actions against non-debtors"); Tex.-Ohio Gas, Inc. v. Mecom , 28 S.W.3d 129, 143-44 (Tex. App.-Texarkana 2000, no pet.) (noting that, while scope of automatic stay is "far reaching," stay does not extend to "separate legal entities such as corporate affiliates, partners in debtor partnerships or to codefendants in pending litigation") (emphasis in original).
Courts have acknowledged that an exception to the general rule exists and that a bankruptcy court may invoke section 362 to stay proceedings against a non-debtor in "unusual circumstances" where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." A.H. Robins Co. v. Piccinin , 788 F.2d 994, 999 (4th Cir. 1986). At issue in A.H. Robins were thousands of products liability suits arising out of use of the defective Dalkon Shield contraceptive device. Id. at 996. Each of the suits named A.H. Robins, the bankruptcy debtor, as a defendant, and some of the suits also named co-defendants, including employees of A.H. Robins, the inventor of the Dalkon Shield, who was entitled to contractual indemnification from A.H. Robins, and A.H. Robins' products-liability insurer. Id.
In holding that the automatic stay, which undoubtedly applied to A.H. Robins as the debtor, also applied to stay cases against these non-debtor co-defendants, the Fourth Circuit pointed out that the individual co-defendants were all either contractually or statutorily entitled to indemnification from the debtor. Id. at 1007. In that unique circumstance, the Fourth Circuit held that the district court did not abuse its discretion by staying the suits against the non-debtor co-defendants. Id. ; see Arnold v. Garlock, Inc. , 278 F.3d 426, 436 (5th Cir. 2001) (recognizing A.H. Robins but declining to follow it because in Arnold there was "no claim of a formal tie or contractual indemnification to create such an identity of interests").
Here, the bankruptcy debtor was the Hassell 2012 Joint Venture, a general partnership created by R. Hassell Holding Company, Hassell Construction Company, Inc., and Hassell Management Services, L.L.C. R. Hassell Builders, the only named defendant in the underlying suit brought by Texan Floor, is part of the same corporate family as the Hassell 2012 Joint Venture. Although R. Hassell Builders and the Hassell 2012 Joint Venture are related, they are separate legal entities, and the mere fact that R. Hassell Builders is related to the debtor does not entitle R. Hassell Builders to the same protections of the automatic stay. See In re Chugach Forest Prods. , 23 F.3d at 246 (stating that automatic stay does not stay actions against corporate affiliates of debtor); In re Pegasus Funds , 345 S.W.3d at 177 (stating that protections of automatic stay do not extend to non-debtor simply because of non-debtor's relationship to debtor); see also SSP Partners v. Gladstrong Invs. (USA) Corp. , 275 S.W.3d 444, 455 (Tex. 2008) ("Creation of affiliated corporations to limit liability while pursuing common goals lies firmly within the law and is commonplace. We have never held corporations *827 liable for each other's obligations merely because of centralized control, mutual purposes, and shared finances.").
There is no indication in the record that the Hassell 2012 Joint Venture was a party to R. Hassell Builders' contract with Texan Floor, that R. Hassell Builders is an alter ego for the Hassell 2012 Joint Venture, that R. Hassell Builders was somehow entitled to indemnity from the Hassell 2012 Joint Venture for judgments entered against it, or that there was any other "formal tie or contractual indemnification to create ... an identity of interests" between the Hassell 2012 Joint Venture and R. Hassell Builders with respect to R. Hassell Builders' contract with Texan Floor. See Arnold , 278 F.3d at 436. The "unusual circumstances" present in A.H. Robins , which justified the stay of claims against non-debtor co-defendants in that case, are not present in this case.[4] See A.H. Robins , 788 F.2d at 999, 1007-08 ; see also Arnold , 278 F.3d at 436 (declining to follow A.H. Robins when there was "no claim of a formal tie or contractual indemnification to create such an identity of interests" between debtor and non-debtor co-defendant).
We therefore conclude that R. Hassell Builders has not demonstrated that Texan Floor sought to commence or continue a judicial proceeding to recover a claim against the debtor, the Hassell 2012 Joint Venture, such that the automatic stay pursuant to section 362(a)(1) applies to this case.
2. Stay Pursuant to Section 362(a)(3)
In contending that it is entitled to the protections of the automatic stay, R. Hassell Builders also argues that Texan Floor's claim seeks the recovery of property included in the Hassell 2012 Joint Venture's bankruptcy estate, and, because the claim seeks property of the estate, the automatic stay applied even though R. Hassell Builders is not the bankruptcy debtor. See 11 U.S.C.A. § 362(a)(3) (providing that automatic stay operates to stay any act to obtain possession of property of estate, to obtain possession of property from estate, or to exercise control over property of estate); see also Bamburg v. Townsend , 35 S.W.3d 85, 89 (Tex. App.-Texarkana 2000, no pet.) (stating that automatic stay under section 362(a)(3) applies to nondebtor parties (1) where cause of action brought by creditor belongs to creditor and debtor, and (2) where cause of action seeks to recover estate property held or controlled by entity other than debtor).
a. Property of the bankruptcy estate
The Bankruptcy Code defines "property of the estate" broadly to include "all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case." Houston Pipeline Co. v. Bank of Am., N.A. , 213 S.W.3d 418, 424 (Tex. App.-Houston [1st Dist.] 2006, no pet.) (quoting 11 U.S.C.A. § 541(a)(1) ). "The automatic stay encompasses a 'wide swath of legal actions, including litigation, lien enforcement, and administrative proceedings, that could affect or interfere with the property of the bankrupt's estate.' " Id. at 425 (quoting *828 Checkers Drive-In Rests., Inc. v. Comm'r of Patents & Trademarks , 51 F.3d 1078, 1080 (D.C. Cir. 1995) ) (emphasis in original). Included in the definition of "property of the estate" are "all kinds of property including tangible or intangible property, causes of action, and all other forms of property currently specified in [ section 541 ]." Id. at 426 (quoting United States v. Whiting Pools, Inc. , 462 U.S. 198, 205 n.9, 103 S.Ct. 2309, 2313 n.9, 76 L.Ed.2d 515 (1983) ); Tex.-Ohio Gas , 28 S.W.3d at 143 ("The debtor's estate is comprised of all the debtor's legal or equitable interests in property as of the commencement of the bankruptcy action, including rights of action which are bestowed by federal or state law.").
Despite the general rule that the automatic stay does not extend to non-debtors, a cause of action against a non-debtor may properly be stayed "where the assets of the bankruptcy estate would be jeopardized by allowing the court proceeding to go forward against the nondebtor." Tex-Ohio Gas , 28 S.W.3d at 144 ; see also Houston Pipeline Co. , 213 S.W.3d at 427 (stating that stay under section 362(a)(3)"applies to 'any action, whether against the debtor or third-parties , to obtain possession or to exercise control over property of the debtor' ") (quoting A.H. Robins , 788 F.2d at 1001 ). The Fifth Circuit has set out guidelines for determining whether a cause of action should be stayed under section 362(a)(3) :
(1) a section 362(a)(3) stay applies to a cause of action that under state (or federal) law belongs to the debtor;
(2) a section 362(a)(3) stay applies to a cause of action that seeks to recover property of the estate where the property is held or controlled by a person or entity other than the debtor; and
(3) in applying the above rules we do so by keeping in mind the Bankruptcy Code's general policies of securing and preserving the debtor's property and of ensuring equal distribution of the debtor's assets to similarly-situated creditors.
In re S.I. Acquisition , 817 F.2d at 1150 ; see also In re Schimmelpenninck , 183 F.3d 347, 359 (5th Cir. 1999) (stating that, in determining whether claim belongs to debtor and seeks to recover or control property of estate, courts should consider whether claim is general, i.e., generalized grievance that belongs to all creditors, or personal, i.e., particularized claim belonging to one creditor).
Whether a particular claim belongs to the bankruptcy estate depends upon whether, under applicable state law, the debtor could have raised the claim as of the commencement of the case. In re Seven Seas Petroleum, Inc. , 522 F.3d 575, 584 (5th Cir. 2008). Courts look to the nature of the injury for which relief is sought and consider the relationship between the debtor and the injury. Id. "If a cause of action alleges only indirect harm to a creditor (i.e., an injury which derives from harm to the debtor), and the debtor could have raised a claim for its direct injury under the applicable law, then the cause of action belongs to the estate." Id. (quoting In re Educators Grp. Health Tr. , 25 F.3d 1281, 1284 (5th Cir. 1994) ). If, however, the cause of action does not explicitly or implicitly allege harm to the debtor, the cause of action could not have been asserted by the debtor as of the commencement of the case and thus is not property of the bankruptcy estate. Id. Causes of action belonging to the debtor include causes of action under the trust fund theory and under the alter ego theory. See In re S.I. Acquisition , 817 F.2d at 1149-54 ; In re MortgageAmerica , 714 F.2d 1266, 1268-72 (5th Cir. 1983).
Here, Texan Floor asserted a breach of contract action against R. Hassell Builders for the alleged failure to pay a retainage fee that Texan Floor had earned providing labor and services on a construction project.
*829 Texan Floor sued only R. Hassell Builders and has not alleged an alter ego theory of recovery. Texan Floor does not assert a generalized grievance applicable to all creditors, but it instead asserts a cause of action for an injury particular to it. Cf. In re Schimmelpenninck , 183 F.3d at 361 (stating that if debtor and non-debtor entities "are proved to exist as one" under alter ego theory, "the assets and liabilities of the entities should be amalgamated for the benefit of all creditors, not [the plaintiff] alone"); In re S.I. Acquisition , 817 F.2d at 1153 (stating that plaintiff's claim premised on alter ego theory "is not one that is personal to it" because claim was based on "allegations that if proven would benefit all of [the debtor's] creditors, i.e., making more assets available to satisfy [the debtor's] debts").
The record indicates that the Hassell 2012 Joint Venture is a stranger to the contract upon which Texan Floor has brought its cause of action, and R. Hassell Builders has not identified a legal theory that would allow the Hassell 2012 Joint Venture to enforce this contract or bring an action based upon it. We conclude that the underlying breach of contract action does not belong to the Hassell 2012 Joint Venture. See In re S.I. Acquisition , 817 F.2d at 1150 (stating that section 362(a)(3) stay applies to cause of action that under state or federal law belongs to debtor); see also In re Seven Seas Petroleum , 522 F.3d at 584 (stating that, in determining whether claim belongs to debtor, courts "look to the nature of the injury for which relief is sought and consider the relationship between the debtor and the injury"). We therefore turn to whether Texan Floor's cause of action seeks to recover property of the Hassell 2012 Joint Venture's bankruptcy estate.
As stated above, the record contains evidence that the parties to the contract at issue were Texan Floor and R. Hassell Builders. The copy of the contract contained in the appellate record is nearly illegible in places, but there are repeated references throughout the legible parts of the contract that refer to the parties as Texan Floor and R. Hassell Builders, including the signature page, which lists blanks for the signatures of the principals of Texan Floor and R. Hassell Builders and no other entities. The Hassell 2012 Joint Venture is, to the best that we can discern, not mentioned within the contract. Texan Floor sent the invoice for the retainage fee to R. Hassell Builders, not to the Hassell 2012 Joint Venture. Jeffrey Hill, Texan Floor's president and CEO, averred that R. Hassell Builders was the party that retained Texan Floor to provide labor and services for the Transtar project and that approved change orders throughout the pendency of the project. The record thus reflects that R. Hassell Builders, and not the Hassell 2012 Joint Venture, is a party to the contract with Texan Floor. See In re Merrill Lynch Tr. Co. FSB , 235 S.W.3d 185, 191 (Tex. 2007) ("[A] contract with one corporation ... is generally not a contract with any other corporate affiliates.").
Although they are part of the same corporate family, R. Hassell Builders and the Hassell 2012 Joint Venture are separate legal entities.[5] See *830 BMC Software Belg., N.V. v. Marchand , 83 S.W.3d 789, 798 (Tex. 2002) ("Texas law presumes that two separate corporations are indeed distinct entities...."); Capital Fin. & Commerce AG v. Sinopec Overseas Oil & Gas, Ltd. , 260 S.W.3d 67, 82 (Tex. App.-Houston [1st Dist.] 2008, no pet.) ("Settled law always presumes that corporations exist as separate entities....") (emphasis in original); see also Am. Star Energy & Minerals Corp. v. Stowers , 457 S.W.3d 427, 429 (Tex. 2015) (stating that partnership is "an independent entity"); Bank One, Tex., N.A. v. Stewart , 967 S.W.2d 419, 444 (Tex. App.-Houston [14th Dist.] 1998, pet. denied) ("[A] joint venture, like a partnership, is an entity legally distinct from the partners."). As such, they are each responsible for their own debts and liabilities. See SSP Partners , 275 S.W.3d at 455 (stating that it is commonplace to create corporate affiliates to limit liabilities and that courts do not hold corporations liable for each other's' obligations "merely because of centralized control, mutual purposes, and shared finances"); In re Merrill Lynch Tr. Co. , 235 S.W.3d at 191 ("[C]orporate affiliates are generally created to separate the businesses, liabilities, and contracts of each.").
In seeking recovery on its breach of contract claim, Texan Floor sought recovery from the assets of R. Hassell Builders, not from the assets of the Hassell 2012 Joint Venture. In the absence of any evidence in the record that the Hassell 2012 Joint Venture is responsible for paying the contract debts of R. Hassell Builders, we conclude that Texan Floor's claim does not seek to recover property of the estate of the Hassell 2012 Joint Venture. See In re S.I. Acquisition , 817 F.2d at 1150 (stating that section 362(a)(3) stay applies to cause of action that seeks to recover property of debtor's estate where property is held or controlled by entity other than debtor).
b. "Arguable property" of the bankruptcy estate
R. Hassell Builders, however, relies upon the Fifth Circuit's 2005 decision in In re Chestnut for the proposition that the automatic stay applies not just to property of the bankruptcy estate but to "arguable property" of the estate. It argues that Texan Floor's contract claim constituted arguable property of the Hassell 2012 Joint Venture's bankruptcy estate because the bankruptcy court addressed this claim in its September 23, 2016 Memorandum Opinion and ruled that the claim was subject to a bona fide dispute.
In In re Chestnut , Jacqueline Chestnut, who was married, purchased land solely in her name. 422 F.3d 298, 300 (5th Cir. 2005). The deed recited that she purchased the land "as her sole and separate property and estate." Id. Her husband, however, argued that the property was purchased using community funds. Id. Mrs. Chestnut began having difficulty making mortgage payments, and the mortgagee warned her that he would foreclose if she did not bring her account current. Id. Four days before the foreclosure sale, Mr. Chestnut filed for Chapter 13 bankruptcy. Id. In his bankruptcy petition, he asserted that the property was community property and thus protected by the automatic stay. Id. at 300-01. The mortgagee proceeded with the foreclosure sale, despite having notice of Mr. Chestnut's bankruptcy petition. Id. at 301. Mr. Chestnut then filed an action with the bankruptcy court asserting that the mortgagee had willfully violated the automatic stay. Id. The bankruptcy court, while not ruling on whether the property constituted community property, agreed with Mr. Chestnut that the mortgagee had violated the stay. Id. However, the district court disagreed, ruling that the property was Mrs. Chestnut's separate property and that the mortgagee did not violate the *831 automatic stay because Mr. Chestnut had no interest in the property. Id.
In addressing whether section 362(a)(3) applied to stay the foreclosure sale of the property, the Fifth Circuit noted that "the classification of the Eastland property as separate or community property was subject to a non-frivolous dispute at the time of [the mortgagee's] foreclosure." Id. at 302. The court further stated that while the property "was not clearly part of Mr. Chestnut's bankruptcy estate at the time of the foreclosure, ... neither was it clearly not part of his estate." Id. at 303. Whether this property constituted separate or community property "hinged on the application of Texas's legal presumptions regarding separate and community property as well as an examination of the factual bases underlying the transaction, including the text of the title documents, the source of purchasing funds, and even the possible existence of fraud." Id. As a result, the question concerning characterization of the property could only finally be resolved through the judicial process and thus, at the time the mortgagee foreclosed on the property, "it was uncertain whether [the property] was property of Mr. Chestnut's estate and, therefore, was arguable property." Id. The Fifth Circuit ultimately concluded that "bankruptcy law demands some process prior to the seizure of arguable property." Id. at 304.
R. Hassell Builders argues that Texan Floor's contract claim constitutes "arguable property" of the Hassell 2012 Joint Venture's bankruptcy estate because the bankruptcy court, in its September 23, 2016 Memorandum Opinion dismissing the involuntary bankruptcy petition, addressed Texan Floor's contract claim and ruled that there was a bona fide dispute concerning the claim. The Memorandum Opinion reflects that R. Hassell Holding Company filed the involuntary bankruptcy petition against the Hassell 2012 Joint Venture. See In re Hassell 2012 Joint Venture , 2016 WL 5369475, at *1. Hassell Construction Company, Hassell Management Services, and James Hassell (collectively, "Hassell Construction Company") moved for summary judgment, seeking dismissal of the petition. Id. In response, R. Hassell Holding Company alleged that the Hassell 2012 Joint Venture was generally not paying its debts as they became due, and R. Hassell Holding Company identified one of these debts as Texan Floor's claim for its retainage fee. Id. Hassell Construction Company then asserted that this claim was subject to a bona fide dispute with respect to liability or amount and therefore the bankruptcy court should not consider it in determining whether the Hassell 2012 Joint Venture was generally paying its debts as they became due.[6] Id. at *2. On remand from the Southern District of Texas, the bankruptcy court again concluded that Texan Floor's claim was subject to a bona fide dispute, concluding that "[t]here was never a moment in time when the retainage was due and not paid." See In re Hassell 2012 Joint Venture , 2017 WL 4220425, at *2.
On the record before us, we can determine, at most, that R. Hassell Holding Company listed this as an alleged debt owed by the Hassell 2012 Joint Venture and that Hassell Construction Company disputed the debt, with respect to either liability or amount, and stated that the debt was the subject of a "pending lawsuit against [Hassell Construction Company,]"
*832 not against the Hassell 2012 Joint Venture. In In re Chestnut , the Fifth Circuit stated, "Not every bankruptcy petition, with an attendant claim of a right in property, will transform what is obviously not property of the estate into arguable property that is subject to process requirements." 422 F.3d at 306. R. Hassell Holding Company's bare assertion in its response to Hassell Construction Company's summary judgment motion in the bankruptcy proceeding that Texan Floor's claim was a debt of the Hassell 2012 Joint Venture-with no supporting evidence that the Joint Venture was a party to the contract or otherwise liable on the contract-is not enough to transform the claim into "arguable property" in light of the contract itself, the invoice from Texan Floor addressed to R. Hassell Builders, and Jeffrey Hill's affidavit, all discussed above, reflecting that Texan Floor had a contract with R. Hassell Builders, not with the Hassell 2012 Joint Venture. See Fielding , 289 S.W.3d at 848 (stating that we review summary judgment evidence in light most favorable to non-movant, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not).
Because R. Hassell Builders has not demonstrated that Texan Floor's contract claim sought to recover property of the Hassell 2012 Joint Venture's bankruptcy estate, we conclude that section 362(a)(3) does not operate to stay Texan Floor's claim. See In re S.I. Acquisition , 817 F.2d at 1150. We therefore conclude that neither section 362(a)(1) nor section 362(a)(3) operated to stay Texan Floor's breach of contract claim against non-debtor R. Hassell Builders, and, as R. Hassell Builders has not argued that any other subsection of section 362(a) is applicable to this case, R. Hassell Builders was not entitled to the protections of the automatic stay during the Hassell 2012 Joint Venture's bankruptcy proceeding. We likewise conclude that because R. Hassell Builders was not entitled to the protection of the automatic stay, it could not take advantage of section 108(c) 's thirty-day grace period. See 11 U.S.C.A. § 108(c) (providing extension of time for commencing or continuing civil action on claim against debtor until end of such period or thirty days after termination or expiration of automatic stay, whichever is later). We therefore hold that Texan Floor did not violate the automatic stay by filing its summary judgment motion and that the trial court did not err by ruling on Texan Floor's summary judgment motion within thirty days after dismissal of the Hassell 2012 Joint Venture's involuntary bankruptcy petition and termination of the automatic stay.
We overrule R. Hassell Builders' sole issue.
Texan Floor's Request for Damages
Texan Floor requests that this Court sanction R. Hassell Builders, arguing that R. Hassell Builders' appeal from the trial court's rendition of summary judgment was frivolous and that Texan Floor is therefore entitled to an award of damages pursuant to Texas Rule of Appellate Procedure 45. See TEX. R. APP. P. 45 (providing that appellate court may award "just damages" if, after considering record, briefs, and other papers filed with court, court determines that appeal is frivolous); Riggins v. Hill , 461 S.W.3d 577, 583 (Tex. App.-Houston [14th Dist.] 2014, pet. denied) ("This court may award just damages under Rule 45 if, after considering everything in its file, this court makes an objective determination that the appeal is frivolous.").
To determine whether an appeal is objectively frivolous, we review the record from the viewpoint of the advocate and decide whether the advocate had reasonable grounds to believe the case could *833 be reversed. Riggins , 461 S.W.3d at 583 ; Glassman v. Goodfriend , 347 S.W.3d 772, 782 (Tex. App.-Houston [14th Dist.] 2011, pet. denied). Rule 45 does not require that we award just damages in every case in which an appeal is frivolous; instead, the decision to award damages is within our discretion, which we exercise "with prudence and caution after careful deliberation." Riggins , 461 S.W.3d at 583 ; Durham v. Zarcades , 270 S.W.3d 708, 720 (Tex. App.-Fort Worth 2008, no pet.) (stating that sanctions pursuant to Rule 45"should be imposed only in egregious circumstances").
After reviewing the record here, we cannot conclude that R. Hassell Builders' counsel had no reasonable grounds to believe that the trial court's summary judgment ruling could be reversed. See Mailhot v. Mailhot , 124 S.W.3d 775, 778 (Tex. App.-Houston [1st Dist.] 2003, no pet.) (stating that there was no merit to appeal but declining to award damages under Rule 45 ). We therefore deny Texan Floor's request for damages pursuant to Rule 45.
Conclusion
We affirm the judgment of the trial court. We deny Texan Floor's motion for damages. All other pending motions are dismissed as moot.

The facts concerning the entities within this corporate family are taken from two memorandum opinions from the bankruptcy court in the involuntary bankruptcy proceeding of the Hassell 2012 Joint Venture. See In re Hassell 2012 Joint Venture , No. 15-30781, 2016 WL 5369475 (Bankr. S.D. Tex. Sept. 23, 2016) ; In re Hassell 2012 Joint Venture , No. 15-30781, 2015 WL 2265414 (Bankr. S.D. Tex. May 11, 2015). We may take judicial notice of a federal jurisdiction's court decisions. Tex. R. Evid. 202.

The copy of the contract included in the record is signed only by Texan Floor.

R. Hassell Builders also argued that, following the trial court's summary judgment ruling, Texan Floor's counsel informed it in a letter that someone had delivered a payment of the $6,511.04 retainage fee and a release to Texan Floor. R. Hassell Builders thus argued that the trial court had erred in granting summary judgment "because counsel for plaintiff has informed the defendant that the underlying debt made the subject of this suit has been paid." R. Hassell Builders attached no evidence concerning this alleged payment, but, in its response to the motion for new trial, Texan Floor attached a letter from its counsel to R. Hassell Builders' counsel, dated October 18, 2016, in which Texan Floor's counsel stated that Texan Floor had received payment for the retainage fee from R. Hassell Builders' counsel "or Hassell at your direction" in exchange for signing a release concerning the remainder of the judgment. Texan Floor did not attach a copy of the payment or the release purportedly delivered to it, and thus the appellate record contains no indication of who made this payment to Texan Floor. Nor is there any evidence that the offer was accepted by Texan Floor and the release signed. There is no evidence of an offer by R. Hassell Builders to pay the remainder of Texan Floor's judgment against it.

The Dallas Court of Appeals has held that a non-debtor may also take advantage of the automatic stay if it demonstrates that "extending the stay for the benefit of the nondebtor would contribute to the debtor's rehabilitation efforts." Brashear v. Victoria Gardens of McKinney, L.L.C. , 302 S.W.3d 542, 549 (Tex. App.-Dallas 2009, no pet.). R. Hassell has made no showing, either in the trial court or on appeal, that extending the stay for its benefit would have contributed to the rehabilitation efforts of the Hassell 2012 Joint Venture.

To the extent R. Hassell Builders argues that it is a partner of the Hassell 2012 Joint Venture, which is a claim not supported by the evidence in this record, we note that, in Texas, a partnership is an entity distinct from its partners. See Tex. Bus. Orgs. Code Ann. § 152.056 (West 2012) ; Am. Star Energy & Minerals Corp. v. Stowers , 457 S.W.3d 427, 429 (Tex. 2015). Although the property of a partner may, in certain circumstances, be used to satisfy a judgment against the partnership, see Tex. Bus. Orgs. Code Ann. §§ 152.304 -06 (West 2012) and Stowers , 457 S.W.3d at 429-30, this does not transform the partner's property into partnership property.

The bankruptcy court stated that "[a] debt is disputed, and accordingly not factored into the § 303(h)(1) determination [of whether the involuntary bankruptcy debtor was generally paying its debts as they became due], if there is 'an objective basis for either a factual or legal dispute as to the validity of the debt.' " In re Hassell 2012 Joint Venture , 2016 WL 5369475, at *5 (quoting In re Sims , 994 F.2d 210, 220 (5th Cir. 1993) ).