**Opinion issued October 18, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00553-CV

————————————

**RONALD DEAN JENNINGS, SR., Appellant**

**V.**

**MENDY N. MARTINEZ, Appellee**

On Appeal from the 245th District Court
Harris County, Texas
Trial Court Case No. 2009-36474

## MEMORANDUM OPINION

Appellant, Ronald Dean Jennings, Sr., proceeding pro se, challenges the trial

court's order granting the motion of appellee, Mendy N. Martinez, for enforcement

of the property division in an Agreed Final Decree of Divorce.[1]  In his sole issue, Jennings contends that the trial court erred in excluding evidence and testimony at the hearing on the motion for enforcement and at the hearing on his motion for new trial.

We affirm.

## Background

In 2010, Jennings and Martinez became divorced.  Pursuant to the parties' agreed decree, the trial court awarded Jennings exclusive use of the parties' home in Huffman, Texas (the "Yida property"), with certain conditions, as follows:

Property to Husband

It is ordered and decreed that the husband, [Jennings], is awarded the following as his sole and separate property, and the wife is divested of all right, title, interest, and claim in and to that property:

H-1.  Exclusive use of the following real property, including but not limited to any escrow funds, prepaid insurance . . . and title and closing documents:

[Yida property]

. . . .

Debts to Husband

It is ordered and decreed that the husband, [Jennings] shall pay, as part of the division of the estate of the parties, and shall indemnify and hold the wife and her property harmless from any failure to so discharge these items:

---

[1]   *See Vats v. Vats*, No. 01-12-00255-CV, 2012 WL 2108672, at *1 n.1 (Tex. App.—Houston [1st Dist.] June 7, 2012, no pet.) (mem. op.) (order enforcing divorce decree final and appealable).

2

H-1. All maintenance taxes, homeowner['s] insurance, homeowner['s] fees on the [Yida property] awarded herein to Husband until the house is sold.

. . . .

H-3. All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real . . . property awarded to the husband in this decree unless express provision is made in this decree to the contrary.

. . . .

*Agreements Dealing With Real Property*

The parties agree that [Jennings] is awarded use of the [Yida property], however if he sells the property the net proceeds would be split 50/50 between [Jennings] and [Martinez] . . . . [Jennings] is ordered to timely pay all taxes, homeowners insurance and maintenance on the property while he resides in the property. Should [Jennings] no longer reside in the property, the property shall be sold and the net proceeds shall be divided equally between [Jennings] and [Martinez].

In 2016, Martinez filed a motion for enforcement[2] of the decree, seeking an order to sell the Yida property on the ground that Jennings was no longer residing there and had failed or refused to place the property on the market for sale.

At a hearing on the motion for enforcement, Martinez testified that, from the end of 2013 until 2016, when she filed her motion for enforcement, Jennings was not living at the Yida property. Martinez further testified that Jennings did not timely pay the taxes due on the property and that he had "never had insurance" on the property. The trial court admitted into evidence a copy of the decree and a 2016 Tax

---

[2]     *See* TEX. FAM. CODE ANN. §§ 9.001–.014 (West 2006 & Supp. 2017).

Statement from the Goose Creek CISD Tax Office, showing a "Prior Years" unpaid balance of $701.96 owed on the Yida property.

Jennings testified that he was living at the Yida property. He testified that, on August 23, 2013, the property was damaged by fire. Further, "after the fire," he was injured and required medical treatments in Pearland. Thus, "from time to time," over a period of "five or six months," he was "staying" in Pearland for periods of a "week or so." Jennings testified that he had represented to the Social Security Administration that the address of his friend "Linda" was his own. He did not recall having told the Harris County Mental Health and Mental Retardation Authority ("MHMRA") that the Yida property was "unlivable" and that he had moved in with Linda. The trial court admitted into evidence MHMRA records stating that, on August 28, 2013, Jennings had reported to a clinician that he "recently had a fire at his home which has made it relatively unlivable at this time; he has no insurance and is going to fix the house himself." Jennings further testified that, "[w]ithin a few weeks" after the fire, he had cleaned the house and had moved back in. He noted that he had continuously maintained utility services at the Yida property.

With respect to paying taxes and maintaining insurance on the Yida property, Jennings testified as follows:

Q. Have you paid the taxes on the home each year, sir?
A. Yes.
Q. Are they current at this time?

4

A.    Yes.

Q.    What about insurance on the home? Is there any insurance on the home?

A.    Not at this time.

Q.    Was there any insurance on the home after the divorce?

A.    No.

Q.    So if that property is damaged, you have to be financially responsible for the replacement of that house; is that correct?

A.    Correct.

Jennings did not seek to admit any evidence.

At the close of the hearing, the trial court ruled that, based on the paragraph of the decree entitled, "Agreements Dealing With Real Property," stated above, that:

> The evidence that was presented today that was uncontroverted shows that all of the taxes were not paid timely and you [Jennings] specifically stated, sir, that you have never had homeowner[']s insurance on the property. I understand you said because you could not afford it however, the order that is being sought to be enforced does not have that provision.
>
> Therefore, the Court, based upon the pleadings on file, the testimony presented as well as the evidence presented can only make one ruling and finding in that the [Yida property] shall be sold and the net proceeds shall be divided in accordance with the decree.

On April 26, 2017, the trial court signed "Renditions on . . . Motion For Enforcement of Property Division," in which it found that, in the underlying decree, Jennings was awarded the "exclusive use" of the Yida property, subject to certain conditions. Namely, he was "ordered to timely pay all taxes, homeowners insurance and maintenance on the property while he reside[d] [at] the property." The trial

5

court found that Jennings "did not timely pay all taxes on the property," "did not timely pay all homeowners insurance on the property," and, "based on his sworn testimony," had "never obtained, provided or maintained homeowner[']s insurance on the property." The trial court ordered that the Yida property be sold and that the proceeds be distributed in accordance with the terms of the decree.

Subsequently, Jennings filed a motion for new trial. Although the motion is not in the appellate record,[3] the trial court, at a hearing on the motion, read the motion into the record as follows:

> Looking at Paragraph 1, it says the Petitioner seeks to have a new trial and appeal because he did not have the taxes paid and did not have any proof that it wasn't. [sic] Attached is a copy of the paid taxes marked as Exhibit A.
> Number 2, the Petitioner was unable to obtain insurance because the house is uninsurable due to a recent fire and at this time it is a teardown that I had been making repairs on and I live there and it's my homestead.
> Further, I had two insurance agents look at same and it had to be repaired before it qualified to be insurable.

At the hearing on his motion for new trial, Jennings asked the trial court to set aside its order compelling the sale of the Yida property and to grant "a new trial to start over to present the evidence basically." He asserted that, although, at the hearing on the motion for enforcement, "it was uncontroverted that on the date of

---

[3] The trial court noted at the hearing that Jennings filed his motion on May 9, 2017. Thus, Jennings's notice of appeal was timely filed. *See* TEX. R. APP. P. 26.1(a)(1).

6

the fire the house was not insured," he had made a "misstatement." Although he had said that he had never maintained homeowner's insurance on the property, he actually "did have insurance on the house" "up until it became uninsurable." Jennings acknowledged that the trial court had asked him numerous times during the enforcement hearing whether he wished to call any other witnesses or had any other evidence and that he had responded in the negative. The trial court denied the motion for new trial.

## Exclusion of Evidence[4]

In his sole issue, Jennings argues that the trial court erred in excluding his evidence and testimony regarding his payment of taxes and the lack of insurability of the Yida property. He is not specific in his brief regarding whether he complains about an exclusion of evidence and testimony during the hearing on Martinez's motion for enforcement or during the hearing on his own motion for new trial, or both. He notes that he attached copies of the evidence at issue to his appellate brief.

We review a trial court's decision to exclude evidence for an abuse of discretion. *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998); *Harris Cty. v. Inter Nos, Ltd.*, 199 S.W.3d 363, 367 (Tex. App.—Houston [1st Dist.] 2006, no pet.). A trial court abuses its discretion if it acts without

---

[4] Jennings does not challenge the legal sufficiency of the evidence supporting the trial court's order granting the motion for enforcement.

reference to any guiding rules and principles or acts arbitrarily or unreasonably. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). We will uphold the trial court's evidentiary ruling if any legitimate ground supports the ruling, even if the ground was not raised in the trial court. *Hooper v. Chittaluru*, 222 S.W.3d 103, 107 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). We will not reverse an erroneous evidentiary ruling unless the error probably caused the rendition of an improper judgment or prevented a proper presentation of the appeal. *See* TEX. R. APP. P. 44.1(a); *Sw. Elec. Power Co. v. Burlington N. R.R. Co.*, 966 S.W.2d 467, 474 (Tex. 1998).

We do not, however, reach the question of whether evidence was erroneously excluded unless the complaint has first been preserved for review. *McInnes v. Yamaha Motor Corp., U.S.A.*, 673 S.W.2d 185, 187 (Tex. 1984). To preserve error concerning an exclusion of evidence, the complaining party "must actually offer the evidence and secure an adverse ruling from the [trial] court." *Akukoro v. Akukoro*, No. 01-12-01072-CV, 2013 WL 6729661, at *6 (Tex. App.—Houston [1st Dist.] Dec. 19, 2013, no pet.) (mem. op.); *Fletcher v. Minn. Mining & Mfg. Co.*, 57 S.W.3d 602, 606 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). Although the reviewing court may sometimes be able to discern from the record the general nature of the evidence and the propriety of the trial court's ruling, it cannot, without an offer of proof, determine whether exclusion of the evidence was harmful. *Fletcher*, 57

S.W.3d at 606; *see also Wade v. Comm'n for Lawyer Discipline*, 961 S.W.2d 366, 374 (Tex. App.—Houston [1st Dist.] 1997, no pet.) (holding that, in absence of offer of proof, court has no basis to review contention that trial court reversibly erred by excluding documents and testimony).

Thus, when a trial court excludes evidence, the proponent must preserve the evidence in the record in order to complain of its exclusion on appeal. *Fletcher*, 57 S.W.3d at 606; *see also* TEX. R. EVID. 103(a). If a party does not make an offer of proof, it must introduce the excluded evidence into the record by a formal bill of exception. *Sw. Country Enters., Inc. v. Lucky Lady Oil Co*., 991 S.W.2d 490, 494–95 (Tex. App.—Fort Worth 1999, pet. denied); *see also* TEX. R. APP. P. 33.2. Failure to demonstrate the substance of the excluded evidence or testimony through an offer of proof or bill of exception results in a waiver of any error in its exclusion. *Akukoro*, 2013 WL 6729661, at *6; *Sw. Country Enters.*, 991 S.W.2d at 494.

Here, we do not find, and Jennings does not direct us to, any place in the record in which he actually offered in the trial court, either at the hearing on the motion for enforcement or at the hearing on his motion for new trial, the evidence and testimony, i.e., regarding his payment of taxes due on, and any lack of insurability of, the Yida property, that he complains was excluded. *See Akukoro*, 2013 WL 6729661, at *6; *Fletcher*, 57 S.W.3d at 606. There being no actual offer of the complained-of evidence and testimony in the trial court, no ruling by the trial

court, and no offer of proof or bill of exception, we conclude that Jennings has waived any error in such exclusion. *See Akukoro*, 2013 WL 6729661, at *6; *Sw. Country Enters.*, 991 S.W.2d at 494; *see also Yap v. ANR Freight Sys., Inc.*, 789 S.W.2d 424, 429 (Tex. App.—Houston [1st Dist.] 1990, no writ) ("To complain of the exclusion of evidence on appeal, Yap must show by bill of exception, formal or informal, the substance of what was excluded, and that the evidence [at issue] was actually offered and excluded.").

Although Jennings attached several documents to his appellate brief, documents attached to an appellate brief that are not part of the record in the trial court may not be considered on appeal. *See WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 465 n.23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) ("[W]e cannot consider documents attached as appendices to briefs and must consider a case based solely upon the record filed.").

We overrule Jennings's sole issue.

To the extent that Jennings asserts that the trial court erred in dividing the parties' property in the underlying decree and that he was not "cognitive enough" in 2010 to have meaningfully executed the agreed decree, the trial court was without jurisdiction in this enforcement proceeding to consider such challenges to the underlying decree. An order to enforce a property division is "limited to an order to assist in the implementation of or to clarify the prior order and may not alter or

10

change the substantive division of property." TEX. FAM. CODE ANN. § 9.007(a) (West Supp. 2017).  An order that "amends, modifies, alters or changes the actual, substantive division of property made or approved in a final decree of divorce . . . is beyond the power of the divorce court and is unenforceable."  *Id*. § 9.007(b); *see Shanks v. Treadway*, 110 S.W.3d 444, 449 (Tex. 2003).  Thus, the trial court did not err in not reaching Jennings's complaint.  *See Gainous v. Gainous*, 219 S.W.3d 97, 108 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (holding that section 9.007 is jurisdictional and orders violating its restrictions are void).

### Attorney's Fees

In a cross-point, Martinez contends that Jennings's appeal is frivolous and requests that she be awarded her appellate attorney's fees.  *See* TEX. R. APP. P. 45 (damages for frivolous appeals in civil cases).

We may award just damages to a prevailing party if we objectively determine, after considering "the record, briefs, or other papers filed in the court of appeals," that an appeal is frivolous.  *Id*.; *Smith v. Brown*, 51 S.W.3d 376, 381 (Tex. App.— Houston [1st Dist.] 2001, pet. denied).  An appeal is frivolous when the record, viewed from the perspective of the advocate, does not provide reasonable grounds for the advocate to believe that the case could be reversed.  *Smith*, 51 S.W.3d at 381. The decision to grant appellate sanctions is a matter of discretion that an appellate court exercises with prudence and caution and only after careful deliberation.  *Id*.

11

Rule 45 does not require an award of damages in every case in which an appeal is frivolous. *R. Hassell Builders, Inc. v. Texan Floor Serv., Ltd.*, 546 S.W.3d 816, 833 (Tex. App.—Houston [1st Dist.] 2018, pet. denied). After a review of the record, briefing, and other papers filed in this Court, we deny Martinez's request for damages. *See* TEX. R. CIV. P. 45; *R. Hassell Builders, Inc.*, 546 S.W.3d at 833.

## Conclusion

We affirm the trial court's judgment.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Brown and Caughey.