**Opinion issued May 17, 2022**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-20-00560-CV

_____

**KENNARD LAW, P.C., Appellant**

**V.**

**LINDA PATTON, Appellee**

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 15-DCV-226125**

**SUPPLEMENTAL MEMORANDUM OPINION ON REHEARING**

On February 17, 2022, this Court dismissed Kennard Law, P.C.'s appeal for lack of jurisdiction. Linda Patton has moved for rehearing. We deny Patton's motion but issue this supplemental memorandum opinion to address the sole issue she raises. Both our memorandum opinion and judgment dated February 17, 2022, remain in full force and effect.

In her motion for rehearing, Patton contends that we did not address her request for damages under Texas Rule of Appellate Procedure 45, which she incorporated into her appellate brief. She requests that this Court grant rehearing and award her damages in the form of appellate litigation expenses, interest on lawsuit proceeds, and exemplary damages because this appeal is frivolous.

Rule 45 of the Texas Rules of Appellate Procedure permits an appellate court to award a prevailing party "just damages" for "frivolous" appeals. TEX. R. APP. P. 45; *Smith v. Brown*, 51 S.W.3d 376, 380 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). In determining whether an appeal is frivolous, we apply an objective test. *Smith*, 51 S.W.3d at 381. We review the record from the advocate's viewpoint and ask whether the advocate had reasonable grounds to believe the judgment could be reversed. *Id.* We exercise prudence and caution and deliberate most carefully before awarding appellate sanctions. *Id.* Rule 45 does not mandate that this Court award damages in every case in which an appeal is frivolous. *R. Hassell Builders, Inc. v.*

2

*Texan Floor Serv., Ltd.*, 546 S.W.3d 816, 833 (Tex. App.—Houston [1st Dist.] 2018, pet. dism'd). Instead, the decision to award damages falls within our discretion, and we will impose such damages only under egregious circumstances. *Id.* (citing *Durham v. Zarcades*, 270 S.W.3d 708, 720 (Tex. App.—Fort Worth 2008, no pet.)).

Although we ultimately determined we lacked jurisdiction to hear Kennard Law's arguments in this appeal, we cannot conclude that Kennard Law had no reasonable grounds to believe that the trial court's ruling on the motions to strike and sever could be reversed. *See R. Hassell Builders*, 546 S.W.3d at 833 (noting that court was unable to find there were no reasonable grounds for appeal and, thus, declining to award Rule 45 sanctions); *Mailhot v. Mailhot*, 124 S.W.3d 775, 778 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (stating that there was no merit to appeal but declining to award damages under Rule 45). We therefore deny Patton's request to award her damages pursuant to Rule 45 of the Texas Rules of Appellate Procedure.

We overrule Patton's motion for rehearing.


                                        Amparo Guerra
                                        Justice

Panel consists of Justices Hightower, Countiss, and Guerra.